## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                              )
        Plaintiff, )
                              )
v. )       CIVIL ACTION NO.
                              )
P.A.M. TRANSPORT, INC., )       C O M P L A I N T
                              )       JURY TRIAL DEMAND
        Defendant. )
                              )

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to John Doe and a class of similarly situated individuals who were adversely affected by such practices. The Commission alleges that Defendant P.A.M. Transport Inc. violated the Americans with Disabilities Act ("ADA") by terminating Doe, who is HIV positive, because of his disability and based on impermissible medical inquiries it made of Doe, terminating similarly situated employees based on information it obtained as a result of impermissible medical inquiries and maintaining a policy which subjects all current employees to impermissible medical inquiries.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times Defendant (the "Employer") has continuously been an Arkansas corporation doing business in the State of Michigan and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

2

6.     At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.     More than thirty days prior to the institution of this lawsuit, John Doe filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least August 31, 2005, Defendant Employer has engaged in unlawful employment practices in violation of Sections 102(a) and (d)(4)(A) of Title I of the ADA of Title I of the ADA, 42 U.S.C. §§ 12112(a) and (d)(4)(A). The practices include terminating Doe based on information it obtained as the result of an impermissible medical inquiry and based on his disability, terminating similarly situated employees based on information it obtained as a result of impermissible medical inquiries and maintaining a policy which subjects all current employees to impermissible medical inquiries in violation of the ADA.

9.     The effect of the practices complained of in paragraph 8 above has been to deprive John Doe and similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees.

10.     The unlawful employment practices complained of in paragraph 8 above were and are intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were and are being done with malice or with reckless indifference to the federally protected rights of Doe and similarly situated employees.

3

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant Employer, its officers, employees, agents, servants, attorneys, successors, assigns, and all persons in active concert or participation with it, from subjecting employees to unlawful medical inquiries, taking adverse action against employees based upon information received as a result of unlawful medical inquiries and from any other employment practice which discriminates on the basis of disability.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make John Doe and similarly situated individuals whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant Employer to make John Doe and similarly situated individuals whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

E.     Order Defendant Employer to make John Doe and similarly situated individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, loss

4

of enjoyment of life, and humiliation, in amounts to be determined at trial.

      F.      Grant such further relief as the Court deems necessary and proper in the public

interest.

      G.      Award the Commission its costs of this action.

JURY TRIAL DEMAND

      The Commission requests a jury trial on all questions of fact raised by its complaint.

                              EQUAL EMPLOYMENT OPPORTUNITY
                              COMMISSION

                              DEBORAH M. BARNO (P44525)
                              Supervisory Trial Attorney

                              NEDRA D. CAMPBELL (P58768)
                              Trial Attorney

                              DETROIT DISTRICT OFFICE
                              Patrick V. McNamara Federal Building
                              477 Michigan Ave, Room 865
                              Detroit, Michigan 48226
                              (313) 226-3410

Dated: September 29, 2009          Nedra.Campbell@eeoc.gov

5