# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

P.A.M. TRANSPORT, INC.,

Defendant.

Case No. 2:09-CV-13851
Hon. Victoria A. Roberts
Magistrate: Michael J. Hluchaniuk

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410 / 6584 fax

F.R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400 / (313) 963-7425 fax

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST SET OF INTERROGATORIES**

Plaintiff, the Equal Employment Opportunity Commission ("Commission" or "Plaintiff"), hereby serves Defendant with the following Interrogatories to be answered by Defendant under oath and in writing within the next thirty (30) days in accordance with Rule 33 of the Federal Rules of Civil Procedure.

**INTRODUCTION**

1. The answers to these Interrogatories must include all information known to Defendant PAM Transport, Inc., its attorneys, investigators, experts, and agents, and all information

otherwise reasonably available to Defendant.

2. These Interrogatories are deemed to be continuing in nature, so that any information Defendant receives after its filing and serving of initial responses which could cause any deletion from, addition to, or modification of its responses shall immediately be served on counsel for the Commission.

3. For any questions answered in whole or in part with "the investigation is continuing," or any substantially similar indication of a lack of finality in the response or absence of response, state the nature of such continuing investigation, the name, most recent available address and telephone number of each person and entity conducting each such investigation, and the projected completion date of each such investigation.

4. Identify by date, sender, receipt, location and custodian each document which contains information that forms a basis for the answer given or which corroborates the answer given or the substance of what is given in answer to an interrogatory.

5. When used in conjunction with the term "document", "identify" means to state the document's title and subject matter, its date, its author(s), its recipient(s), and its location and present custodian. In the case of a document that was, but is no longer in the possession, custody or control of Defendant or its agents, state what disposition was made of it, why, when, and by whom.

6. The following terms shall have the meanings indicated below:

a. "Person" means natural persons, companies, corporations, holding companies, subsidiaries, parent companies, partnership, sole proprietorships, agencies, associations, federations, groups, facilities or any other kind of entity.

b. "Document" means any electronic, printed, typewritten, handwritten, or otherwise recorded matter of whatever character, including, but not limited to, electronic mail, letters, purchase orders, memoranda, notes, catalogues, brochures, diaries, reports, calendars, interoffice communications, statements, announcements, photographs, tape recordings, motion pictures and any carbon or photographic copies of such material if Defendant does not have custody or control of the original.

## INTERROGATORIES

1. Please provide information on Defendant's current corporate structure, including its full name, location, its ownership, and its relationship to PAM Transportation Services, Inc., Allen Freight Services, Inc., Choctaw Express, Inc., Decker Transport Co., Inc., East Coast Transport & Logistics, LLC, and PAM Dedicated Services, Inc.

**ANSWER:**

2. Please identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, because of information it obtained pursuant to its policy set forth in ¶ 8(a) of Plaintiff's Complaint, and provide the truck driver's medical condition and the reason(s) for the truck driver's discharge.

**ANSWER:**

3. Please identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, and reasons for the discharge.

**ANSWER:**

4. Please identify by complete name, last known address, and telephone number each truck driver Defendant has placed on a medical hold from January 1, 2005, until the present and continuing through trial, and the reasons for the medical hold, the disposition of the medical hold, and the length of the medical hold.

**ANSWER:**

5. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who was part of Defendant's Medical Review Board / Medical Review Office from January 1, 2005, until the present and continuing through trial.

**ANSWER:**

6. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who played a role in determining that John Doe (hereinafter "Doe") was placed on a medical hold and unable to drive a truck for PAM.

**ANSWER:**

7. Please identify Defendant's factual basis for its statement in its affirmative defenses that Doe failed to exhaust his administrative remedies. If none exist, please so state.

**ANSWER:**

8. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who played a role in determining that Defendant had "legitimate enforceable concerns regarding [Doe's] compliance with medication regimes and the effect of the medication on his ability to drive," as referenced in ¶ 8 of Defendant's affirmative defenses.

**ANSWER:**

9. Please identify the factual bases for Defendant's statement in its affirmative defenses that Defendant's policy which is contained in ¶ 8(a) of Plaintiff's Complaint is mandated by 49 CFR § 391.11, § 391.41, § 391.43, and § 390.3(d), and identify by complete name, title, current employment status, last known address, and telephone number each factual witness Defendant intends to rely upon to testify that Defendant's policy is mandated by these federal regulations and the knowledge of these witnesses. If none exist, please so state.

**ANSWER:**

10. Please provide the name, title / position, and contact information for at least three (3) individuals who have personal knowledge of Defendant's corporate structure and who could testify as to the substance contained in Defendant's profit-loss statements which should be provided in response to *Plaintiffs' Requests for Production of Documents* Request No. 10?

**ANSWER:**

11. Please identify and describe all documents Defendant maintains which identify the name of a driver, and whether and when the driver has been terminated, discharged, or been placed on a medical hold, from January 1, 2005, until the present date, and continuing through trial.

**ANSWER:**

12. With respect to all documents identified in response to the above Interrogatory No. 11, please identify where these documents are maintained, how these documents are maintained (*i.e.*, whether they are paper documents, electronically in a database, or both, including the software, program, or both), and who maintains these documents (including the full name, title, and location of these individuals).

**ANSWER:**

13. Please identify all computer software Defendant has used since January 1, 2005, until the present and continuing until trial, and uses, including Defendant's email system, word processing system, payroll system, driver tracking software, medical processing software, and describe how Defendant uses all software it has identified.

**ANSWER:**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Respectfully submitted,

s/ Nedra Campbell
NEDRA D. CAMPBELL (P58768)
Trial Attorney
DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Nedra.Campbell@eeoc.gov
Tel. No. (313) 226-3410

Dated: June 21, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | ) | Case No. 2:09-CV-13851 |
| v. | ) | Hon. Victoria A. Roberts |
| P.A.M. TRANSPORT, INC., Defendant. | ) | Magistrate: Michael J. Hluchaniuk |

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410 / 6584 fax

F.R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400 / (313) 963-7425 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2010, I served Defendant with *Plaintiff Equal Employment Opportunity Commission's First Set of Interrogatories* on Defendant's counsel via regular mail at:

F.R.Damm, Esq.
Michael J. Tauscher, Esq.
Scopelitis, Garvin, Light, Hanson & Feary, PLC
535 Griswold Street, Ste. 1818
Detroit, Michigan 48226

s/ Nedra Campbell
Nedra D. Campbell (P58768)