**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:09-CV-13851 |
| | ) | Hon. Mark A. Goldsmith |
| v. | ) ) | Magistrate: Michael J. Hluchaniuk |
| P.A.M. TRANSPORT, INC., | ) ) | |
| Defendant. | ) ) | |

_____/

| | |
|---|---|
| LAURIE A. YOUNG | F.R. DAMM (P12462) |
| DEBORAH M. BARNO (P44525) | MICHAEL J. TAUSCHER (P31718) |
| NEDRA CAMPBELL (P58768) | SCOPELITIS, GARVIN, LIGHT, |
| Counsel for Plaintiff | HANSON & FEARY, PLC |
| Patrick V. McNamara Federal Building | Counsel for Defendant |
| 477 Michigan Ave, Room 865 | 535 Griswold St., Ste. 1818 |
| Detroit, Michigan 48226 | Detroit, Michigan 48226 |
| (313) 226 3410/6584 (fax) | (313) 237-7400 / (313) 963-7425 fax |

_____/

## **STIPULATED PROTECTIVE ORDER**

The parties having stipulated to the matters stated herein, and the Court otherwise being fully advised in the premises:

1. IT IS ORDERED that the medical files or medical information of employees produced in connection with this matter shall be marked "CONFIDENTIAL" and shall be treated as confidential by the parties and their attorneys, who shall not disclose any such documents or information except as provided herein.

2. IT IS FURTHER ORDERED that all pleadings in this case shall continue to refer to the Charging Party in this case as John Doe, and that all pleadings in this case, including

documents attached as exhibits, shall redact all personally identifiable information in accordance with paragraph 7 below.

3. IT IS FURTHER ORDERED that all Confidential Information shall be treated as confidential and shall be used and disclosed only for purposes of prosecuting or defending this litigation or any appeals thereof. In connection with this litigation, the parties and their respective counsel may disclose the content and substance of Confidential Information only to the parties, experts, witnesses and potential witnesses or their counsel in so far as is reasonably necessary to do so for the prosecution or defense of this litigation.

4. IT IS FURTHER ORDERED that documents and electronic information shall be designated as Confidential Information by marking them or the media on which they are produced with the word "CONFIDENTIAL" in a manner which will not interfere with their legibility.

5. IT IS FURTHER ORDERED that nothing in this Order bars the use of a document or information designated as Confidential Information in depositions, motion practice or trial, nor shall this Order affect the right of a party to offer in evidence or to object to the admissibility of any such document, on grounds of its confidentiality or otherwise. In addition, nothing in this order shall preclude any party from seeking further or different relief in the future.

6. IT IS FURTHER ORDERED that the parties shall redact all social security numbers, birth dates, residential addresses, and last names on documents containing medical information from any records, documents, and transcripts publicly filed with this Court in this litigation.

7. IT IS FURTHER ORDERED that parties' counsel shall instruct anyone who may

receive any Confidential Information or copies thereof that this information is "CONFIDENTIAL" and that it shall be treated in confidence.

      8.     IT IS FURTHER ORDERED that either party is free to move the Court to extend coverage of the protective order to specific documents or information called for by the opposing party's discovery requests. In such event, the moving party must set forth with specificity the particular reason why certain documents or information should be handled in a confidential manner.

      9.     IT IS FURTHER ORDERED that this order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in this case shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing. See E.D. Mich. LR 5.3. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section.

      Whenever a motion to seal is filed, the movant shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted to the undersigned district judge or to the magistrate judge to whom the matter is referred, via the link located under the "Utilities" section of CM/ECF. If a motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant with an appropriate designation that the documents are to be held under seal.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | P.A.M. TRANSPORT, INC. |
| s/ Nedra Campbell<br>NEDRA CAMPBELL (P58768)<br>Trial Attorney          (P31718)<br>DETROIT DISTRICT OFFICE<br>Patrick V. McNamara Federal Building<br>477 Michigan Ave, Room 865<br>Detroit, Michigan 48226<br>(313) 226-3410<br>nedra.campbell@eeoc.gov<br>Dated:   12/16/2010 | s/ Fritz Damm (w / permission)<br>F.R. DAMM (P12462)<br>          MICHAEL J. TAUSCHER<br>SCOPELITIS, GARVIN, LIGHT,<br>HANSON & FEARY, PLC<br>Counsel for Defendant<br>535 Griswold St., Ste. 1818<br>Detroit, Michigan 48226<br>fdamm@scopelitis.com<br>Dated:   12/16/2010 |

## ORDER

Based on the forgoing stipulation of the parties, IT IS SO ORDERED.

Dated: December 20, 2010              s/Mark A. Goldsmith
                                      MARK A. GOLDSMITH
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2010.

                                      s/Deborah J. Goltz
                                      DEBORAH J. GOLTZ
                                      Case Manager