**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | Case No. 4:09-CV-13851 |
| | ) | Hon. Mark A. Goldsmith |
| v. | ) | Magistrate: Michael J. Hluchaniuk |
| P.A.M. TRANSPORT, INC., | ) | |
| Defendant. | ) | |

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410 / 6584 fax

F.R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400 / (313) 963-7425 fax

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**AND TO EXTEND THE DATES IN THE AMENDED SCHEDULING ORDER**

**PLAINTIFF'S BRIEF IN SUPPORT OF**
**PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO**
**EXTEND THE DATES IN THE AMENDED SCHEDULING ORDER**

**CERTIFICATE OF SERVICE**

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | Case No. 4:09-CV-13851 |
| | ) | Hon. Mark A. Goldsmith |
| v. | ) | Magistrate: Michael J. Hluchaniuk |
| P.A.M. TRANSPORT, INC., | ) | |
| Defendant. | ) | |

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410 / 6584 fax

F.R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400 / (313) 963-7425 fax

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**
**AND TO EXTEND THE DATES IN THE AMENDED SCHEDULING ORDER**

Pursuant to Fed. R. Civ. P 37 (a)(3)(B) and E.D. Mich.L.Civ.R. 7.1(d)(2), Plaintiff Equal Employment Opportunity Commission requests that this Court enter an order compelling Defendant to respond to Plaintiff's discovery requests and to extend the dates in the Amended Scheduling Order (Exhibit A). In support of its motion, Plaintiff states as follows:

1. On June 21, 2010, Plaintiff served on Defendant *Plaintiff Equal Employment Opportunity Commission's First Set of Interrogatories, Plaintiff Equal Employment Opportunity Commission's First Request for Production of Documents and Electronically Stored*

*Information*, and Plaintiff *Equal Employment Opportunity Commission's First Set of Requests for Admissions*.

2. On July 21, 2010, the deadline for responding to these discovery requests, Defendant submitted only *Defendant's Response to the Commission's First Set of Requests for Admissions*.

3. Although Defendant's responses to the Commission's other discovery requests were also due, Defendant did not submit responses and did not indicate when it intended to submit responses.

4. Thereafter, counsel for Defendant contacted the Commission and verbally requested an extension of time to respond to the Commission's outstanding discovery requests. During this conversation, Defendant's counsel suggested Defendant could submit its responses by September 1, 2010.

5. While the Commission desired to extend professional courtesy to Defendant's counsel and grant Defendant an extension of time, it was apparent that granting such an extension would impact the parties' ability to complete discovery within the deadlines set by the Court.

6. Before granting Defendant an extension of time, the Commission asked the Court to hold a telephonic conference.

7. The telephonic conference was held on July 22, 2010, and as a result, the Court entered an Amended Scheduling Order, the current Scheduling Order in this case, which extended the deadlines (Exhibit A).

8. The Commission then provided Defendant with additional time to respond to its discovery requests.

9. Despite providing Defendant with additional time to respond to its discovery requests, Defendant did not produce discovery responses by September 1, 2010, nor did Defendant commit in writing to provide its overdue discovery responses by a particular date.

10. Therefore, on September 2, 2010, the Commission filed *Plaintiff's Motion to Compel Discovery* and asked this Court to require Defendant to respond to its discovery requests.

11. In the interim, on September 29, 2010, the Commission served Defendant with *Plaintiff Equal Employment Opportunity Commission's Second Set of Production of Documents and Electronically Stored Information* and *Plaintiff Equal Employment Opportunity Commission's Second Set of Requests for Admissions*.

12. On October 15, 2010, the Court held a telephonic hearing on *Plaintiff's Motion to Compel Discovery* which related to the Commission's first set of discovery requests.

13. During the telephonic hearing, Defendant suggested that it had not submitted discovery responses because the information the Commission was seeking should be protected by a protective order.

14. During this same hearing, the Court indicated that Defendant should respond to the discovery responses, note any objections, and file a motion for a protective order to the extent it believed one was warranted.

15. After the telephonic conference, the Court entered an Order granting *Plaintiff's Motion to Compel Discovery*.

16. On October 22, 2010, Defendant filed *Defendant's Motion for a Protective Order*, and also served on the Commission *Defendant's Responses to Plaintiff's First Set of Interrogatories* and *Defendant's Responses to Plaintiff's First Set of Requests for Production of Documents*.

17. Thereafter, on October 29, 2010, Defendant submitted *Defendant's Responses to Plaintiff's Second Set of Requests for Admissions* and *Defendant's Responses to Plaintiff's Second Set of Requests for Production of Documents*.
18. Defendant contended in most of its responses that it could not produce the information requested because it was "confidential information" and needed to be protected by a protective order.
19. Thereafter, on November 5, 2010, Defendant filed *Defendant's Motion to Stay Discovery*.
20. The Commission also filed a motion for a protective order on November 9, 2010.
21. On December 10, 2010, this Court denied *Defendant's Motion for a Protective Order*, denied *Defendant's Motion to Stay Discovery*, and granted, in part, the Commission's cross-motion for a protective order.
22. Pursuant to the Court's December 10, 2010, Order, a stipulated protective order was signed by the parties and entered by the Court on December 20, 2010.
23. The next day, on December 21, 2010, the Commission requested Defendant's counsel to supplement its discovery responses by December 29, 2010, since the protective order had been entered.
24. Defendant's counsel contacted Plaintiff's counsel and indicated that it was in the process of gathering the requested information.
25. In response, Plaintiff's counsel sent Defendant's counsel a letter detailing the deficiencies in Defendant's discovery requests and asked Defendant to submit the requested information no later than January 14, 2011 (Exhibit B).
26. Although Defendant submitted supplemental responses, it did not submit the requested information and essentially simply regurgitated objections to the Commission's discovery

requests. *See*, Exhibit C, *Defendant's Supplemental Response to Plaintiff Equal Employment Opportunity Commission's First Set of Interrogatories;* Exhibit D, *Defendant's Supplemental Response to Plaintiff Equal Employment Opportunity Commission's First Request for Production of Documents and Electronically Stored Information;* Exhibit E, *Defendant's Supplemental Response to Plaintiff Equal Employment Opportunity Commission's Second Request for Production of Documents and Electronically Stored Information*.

27. Defendant's responses to the Commission's discovery requests remain deficient in several respects and as detailed in its January 11, 2011, correspondence, including the deficiencies outlined below.

28. *Defendant's Supplemental Response to Plaintiff Equal Employment Opportunity Commission's First Set of Interrogatories* are deficient for the following reasons:

    a. In Interrogatory No. 2, the Commission asked Defendant to "identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, because of information it obtained pursuant to" its medical review policy.

    b. Interrogatory No. 3 asks Defendant to "identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, and reasons for the discharge."

    c. Interrogatory No. 4 asks Defendant to "identify by name, last known address, and telephone number each truck driver Defendant has placed on a medical hold from January 1, 2005, until the present and continuing through trial, and the reasons for

the medical hold, the disposition of the medical hold, and the length of the medical hold."

d. Defendant's responses to Interrogatory No. 3 and Interrogatory No. 4 are deficient in several respects. In its first responses, Defendant indicated it would produce the requested information once a protective order was entered. However, in the supplemental responses that were submitted after the protective order was entered, Respondent essentially asserted the same objections, attempts to limit the scope of the Commission's discovery, and asserts that "it will continue to work through the some 12,500 driver master files and medical screen notes, which were the subject of the discovery deposition on August 31, 2010, in order to electronically provide the records for an appropriate time period under the 12/20/10 Stipulated Protective Order."

e. The Court has now ruled on the issue of a protective order. Accordingly, Defendant should be required to submit information responsive to Interrogatory No. 3 and Interrogatory No. 4.

f. Interrogatory No. 5 seeks the "complete name, title, current employment status, last known address, and telephone number of" individuals who have been a part of Defendant's Medical Review Board/Medical Review Office from January 1, 2005, to the present time, and continuing through trial.

g. In response, Defendant responded that it had provided this information on January 18, 2008, which was during the administrative investigation and years prior to the Commission's request. Defendant attached its January 18, 2008, responses. The attached information does not include all of the information the Commission has

requested and, according to Defendant's response, is presumably only valid through January 18, 2008. The Commission is therefore entitled to the requested updated information.

h. The Commission, in Interrogatory No. 11, asks Defendant to "**identify and describe** all documents Defendant maintains which identify the name of a driver, and whether and when the driver has been terminated, discharged, or been placed on a medical hold, from January 1, 2005, until the present date, and continuing through trial." (Emphasis supplied).

i. Defendant responded by making numerous objections, including that the requested information was "redundant and will cause unnecessary expense." Defendant's response suggests that it does not understand the Commission's request. The Commission, in Interrogatory No. 11, is asking Defendant to identify and describe all documents that have information that would identify whether and when a driver has been terminated, discharged, or been placed on a medical hold during the relevant time period. For example, Defendant may have a document terminating insurance benefits which would have some of this information. The Commission was thus asking Defendant to identify and describe such a document. The Commission is therefore asking Defendant to respond to Interrogatory No. 11 and provide the requested information by providing a list and description of all such documents.

j. Interrogatory No. 12 is a follow-up question to Interrogatory No. 11 wherein the Commission asks Defendant to indicate where the documents Defendant was supposed to identify and describe in Interrogatory No. 11 are maintained, how

they are maintained, and who they are maintained by. Defendant erroneously responded that this information had been provided already and that the parties were trying "to work to identify how to electronically retrieve relevant documents, as stated in answer to Interrogatory No. 11 above, as a result of the 30(b)(6) depositions taken August 31, 2010."

k. This response is deficient because it fails to answer the Commission's question, which is <u>where</u> these documents are located, <u>how</u> they are maintained, and <u>who</u> maintains them.

29. *Defendant's Supplemental Responses to the Commission's First Set of Requests for Production of Documents* are deficient in at least the following manner:

a. In Request No. 1, the Commission sought "copies of documents that demonstrate Defendant's corporate structure and relationship with PAM Transportation Services Inc. ("PTSI"). Defendant responded by stating: "Objected to as overbroad and vague and not suited to a reasonable response; subject to these objections and in answer to EEOC Request No. 1, PAM answers that Defendant's corporate structure as of the date of this response is as stated in Defendant's answer to EEOC Interrogatory No. 1. **If Plaintiff wishes documentation of this, the same will be provided upon a specific request**." The Commission has already sought documentation as evidenced by Request for Production of Document No. 1 and is entitled to documents responsive to this request.

b. Request No. 10 seeks a copy of any and all "documents, including email communications, between Defendant and Driver Solutions regarding truck drivers who Defendant decided to terminate from January 1, 2005, until the present, and

continuing through trial." Defendant responded by indicating that it "does not advise Driver Solutions of the termination of any drivers." Defendant also objected on the basis that the request is overbroad, unduly burdensome and not reasonably calculated to obtain information that is discoverable. It its January 11, 2011, correspondence to Defendant, the Commission made it clear that it was seeking all communications between Driver Solutions and Defendant pertaining to drivers who Defendant terminated, irrespective of whether Defendant informed Driver Solutions of its decision to terminate these drivers. Despite this clarification, Defendant repeated the objection it had previously made and failed to submit the requested documents.

30. *Defendant's Supplemental Responses to Plaintiff Equal Employment Opportunity Commission's Second Request for Production of Documents and Electronically Stored Information* are deficient in at least the following manner:

a. Requests Nos. 3 – 6 ask Defendant to produce the payroll, employee, insurance, and driver masters, respectively, which were referenced by Paul Bagwell in the Commission's August 31, 2010, Fed.R.Civ.P. 30(b)(6) deposition. Defendant made essentially the same numerous objections to each of these requests, including that the requests were "unduly burdensome" and "overbroad" and stated: "Plaintiff is on a 'fishing exploration' far outside any reasonable nexus to their claims in this case; to the extent a reasonable request in terms of time, scope, volume and relevance can be agreed upon, and subject to the 12/20/10 Stipulated Protective Order, Defendant will cooperate to produce payroll information as to any persons shown to be relevant to Plaintiff's claims in this matter."

b. In Request No. 7, the Commission asks Defendant to produce all documents it has sent to Dr. Craig Cooper regarding any of its drivers from January 1, 2005, until the present date. While in Request No. 8, the Commission asks Defendant to produce all documents it has received from Dr. Craig Cooper regarding any of its drivers from January 1, 2005, until the present date.

c. Defendant objected to Request No. 7 and Request No. 8 and raised the same objections that these requests are "overbroad" and "burdensome." Defendant asserted further that these discovery requests were "not reasonably calculated to lead to the discovery of admissible evidence as it is not reasonably limited as to scope or time frame and as it involves drivers not involved with the policy at issue; Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to December 1, 2008; efforts to obtain these documents is being made and will continue to be made subject to the 12/20/10 Stipulated Protective Order and the technical limitations of Defendant's computer systems."

d. Thus, Defendant made extensive ill-founded objections, like indicating that the policy, which applies to all drivers, "involves drivers not involved with the policy at issue."

e. Defendant, to date, has not produced documents responsive to Requests No. 7 and 8.

31. To date, Defendant has essentially raised the issue of the protective order, in addition to claiming that the discovery requests are voluminous and overbroad, as a defense to the Commission's requests.

32. As noted above, the Court has entered a protective order.

33. With respect to Defendant's argument that the Commission's requests are "voluminous," it is important to note that Defendant has conceded that it keeps most of its information electronically and could easily burn the information it has to DVDs. (Exhibit F, except of deposition transcript).

34. The Commission is entitled to have Defendant submit responses to the Commission's discovery requests rather than responding by asserting ill-founded objections.

35. In addition, given Defendant's delay, this Court should extend the dates set in the Court's Amended Scheduling Order.

36. Pursuant to LR 7.1, prior to filing this motion, Plaintiff's counsel unsuccessfully sought concurrence in this motion.

37. Given Defendant's continued failure to comply with Plaintiff's discovery requests, Plaintiff respectfully requests that this Court enter an Order requiring Defendant to submit responses to Plaintiff's discovery requests within seven (7) calendar days, extend all dates in the Scheduling Order by five (5) months, and award the Commission its attorneys' fees so wrongfully sustained for having to bring this motion, pursuant to Fed.R.Civ.P. 37(a)(5)(A).

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

LAURIE A. YOUNG
Regional Attorney

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

/s/ Nedra Campbell
NEDRA D. CAMPBELL (P58768)
Trial Attorney
DETROIT DISTRICT OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
Nedra.Campbell@eeoc.gov

Dated: January 27, 2011

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

P.A.M. TRANSPORT, INC.,

Defendant.

Case No. 4:09-CV-13851
Hon. Mark A. Goldsmith
Magistrate: Michael J. Hluchaniuk

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410 / 6584 fax

F.R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400 / (313) 963-7425 fax

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO EXTEEND THE DATES IN THE SCHEDULING ORDER**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES .......... iii

STATEMENT OF ISSUES .......... iv

STATEMENT OF MOST APPROPRIATE AUTHORITY .......... v

STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO EXTEND THE DATES IN THE AMENDED SCHEDULING ORDER .......... 1

INDEX OF EXHIBITS .......... 2

## INDEX OF AUTHORITIES

**Rules**

E.D. Mich. LR 7.1 ........ 6
Fed.R.Civ.P. 33 ........ 5, 6
Fed.R.Civ.P. 34 ........ 5, 6
Fed.R.Civ.P. 37 ........ 5, 6

**STATEMENT OF ISSUES**

1. Is the Commission entitled to an Order compelling Defendant to submit the requested information in response to Plaintiff's discovery requests?

   The Commissions Answers: Yes.
   Defendant Answers: No.

2. Should this Court extend the dates of the Scheduling Order because of Defendant's delay in submitting responses to the Commission's discovery requests?

   The Commissions Answers: Yes.
   Defendant Answers: No.

**STATEMENT OF MOST APPROPRIATE AUTHORITY**

Federal Rules of Civil Procedure 33, 34, and 37.

**STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND TO EXTEND THE DATES IN THE AMENDED SCHEDULING ORDER**

Plaintiff relies on Fed.R.Civ.P. 33, 34, 37, LR 7.1 and all the reasons set forth in Plaintiff's Motion to Compel Discovery for the relief sought herein.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

LAURIE A. YOUNG
Regional Attorney

DEBORAH M. BARNO (P44525)
Supervisory Trial Attorney

s/ Nedra Campbell
NEDRA D. CAMPBELL (P58768)
Trial Attorney
DETROIT DISTRICT OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
Nedra.Campbell@eeoc.gov

Dated: January 27, 2011

**INDEX OF EXHIBITS**

Exhibit A – Amended Scheduling Order

Exhibit B – January 11, 2011, Letter to Defense Counsel

Exhibit C -- *Defendant's Supplemental Response to Plaintiff Equal Employment Opportunity Commission's First Set of Interrogatories*

Exhibit D – *Defendant's Supplemental Response to Plaintiff Equal Employment Opportunity Commission's First Request for Production of Documents and Electronically Stored Information*

Exhibit E – *Defendant's Supplemental Response to Plaintiff Equal Employment Opportunity Commission's Second Request for Production of Documents and Electronically Stored Information*

Exhibit F – Excerpt Deposition Transcript of Paul Bagwell

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| Plaintiff, | ) | Case No. 4:09-CV-13851 |
| | ) | Hon. Mark A. Goldsmith |
| v. | ) | Magistrate: Michael J. Hluchaniuk |
| P.A.M. TRANSPORT, INC., | ) | |
| Defendant. | ) | |
| ______________________________________/ | | |

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410 / 6584 fax

F.R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400 / (313) 963-7425 fax
______________________________________/

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record, F.R. Damm and Michael Tauscher, to their electronic mail address on file with the Clerk of the Court.

s/ Nedra Campbell
Nedra D. Campbell (P58768)