# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>P.A.M. TRANSPORT, INC.,<br><br>Defendant. | ) | Case No. 4:09-CV-13851<br>Hon. Mark A. Goldsmith<br>Magistrate: Michael J. Hluchaniuk |


LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
nedra.campbell@eeoc.gov

F. R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400
fdamm@scopelitis.com


**DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Defendant, P.A.M. TRANSPORT, INC. ("PAM"), by its counsel, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC, states for its Supplemental Response to Plaintiff, Equal Employment Opportunity Commission's ("EEOC") First Request For Production of Documents as follows:

## GENERAL OBJECTIONS

Each of Defendant's responses is made subject to the following General Objections and each such General Objection is incorporated by reference into Defendant's response to each Request as if fully set forth therein unless the response specifically states that it is made notwithstanding these General Objections.

A. Defendant objects to the Request for documentation to the extent that the responsive documents are currently under review as to Plaintiff's recent deposition of the Defendant's information services personnel, which depositions were meant to, and will, assist the parties in breaking down the documentation electronically in order to save the time of the parties as well as the Court. Such discussions continue.

B. Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.

C. Defendant objects to the Requests to the extent that they seek the production of documents or information which are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or are otherwise privileged. The inadvertent production or any privileged or work-product document is not intended, nor shall it be deemed to be, a waiver of any

claim or privilege or work-product protective as to that document, and Defendant reserves the right to demand and obtain the return of any document inadvertently produced in response to these Interrogatories and/or Requests.

D. Defendant objects to the instructions to the Requests to the extent that they seek to impose duties and to require the disclosure of information beyond what is required of respondent under the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

E. Defendant objects to the Requests to the extent that they call for the production of documents not within its possession, custody or control.

F. Defendant objects to the Requests to the extent that they are vague, overly broad or unduly burdensome, and have previously been produced.

G. Defendant objects to the Requests to the extent that they are not limited in time and therefore are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence.

H. Defendant objects to the Requests to the extent that they seek the production of documents and information which are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

I. Defendant objects to the Requests to the extent that they seek the production of documents and information containing, constituting, or

disclosing confidential, proprietary, commercially sensitive or trade secret information, subject to the 12/20/10 Stipulated Protective Order.

J. Defendant objects to those Requests which seek the identification, summary or production of "all correspondence" or "any and all reports" or similar questions, as they are patently overly broad and unduly burdensome. Defendant's responses are as complete as the information currently within its possession and which reasonable diligence permits.

K. Defendant objects to Plaintiff's Definition and Instructions to the extent that they purport to abrogate any of its rights or add to any of its duties under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Defendant does not adopt Plaintiffs Definitions or Instructions in any way.

## REQUESTS FOR PRODUCTION

1. Produce copies of documents that demonstrate Defendant's corporate structure and relationship with PAM Transportation Services Inc. ("PTSI").

**ANSWER:**

**Objected to as overbroad and vague and not suited to a reasonable response; subject to these objections and in answer to EEOC Request No. 1, PAM answers that Defendant's corporate structure as of the date of this response is as stated in Defendant's answer to EEOC Interrogatory No. 1. If Plaintiff wishes documentation of this, the same will be provided upon a specific request.**

2. Produce copies of any and all employment practices liability insurance policies, or copies of any other insurance policies that may cover the allegations set forth in Plaintiff's Complaint or other allegations of employment discrimination. If none exist, please so state.

**ANSWER:**

**In answer to EEOC Request No. 2, PAM answers that none exist.**

3. Produce copies of Defendant's employee handbooks and driver manuals as of January 2005, through the present and continuing through trial.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which he refuses to disclose so as to avoid redundant production and expense. Subject to these objections, in answer to EEOC Request No. 3, PAM answers that the same have been previously produced and are well known to Plaintiff; however, PAM agrees to, as best they can and as is available, produce the driver manuals as of May 2005, June 2007, and the April 1, 2010 employee handbook, attached as Doc. #1, Bates 000001 to 000066; Doc. #2, Bates 000066 to 000151; and Doc #3, Bates 000152 to 000176, respectively.**

4. Produce a copy of John Doe's entire un-redacted personnel file.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which he refuses to disclose so as to avoid redundant production and expense. Subject to these objections, in answer to EEOC Request No. 4, PAM answers that the same has previously been produced. The personnel file of John Doe is provided subject to the 12/20/10 Stipulated Protective Order (Doc #18, Bates 000295 to 000360).**

5. Produce a copy of John Doe's entire un-redacted medical file.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense. Subject to these objections, in answer to EEOC Request No. 5, PAM answers that the same has previously been produced. The medical file of John Doe is provided subject to the 12/20/10 Stipulated Protective Order. Subject to the 12/20/10 Stipulated Protective order, all social security numbers, birth dates, residential addresses, and last names on documents containing medical information should be redacted. (Doc #19, Bates 000361 to 000385).**

6. Produce a copy of any and all email communications regarding John

Doe. If none exist, please so state.

**ANSWER:**

**In answer to EEOC Request No. 6, PAM indicates that they do not presently know of any electronic communication regarding John Doe, however, as PAM works together with the EEOC they will continue to determine if any such exists, even though PAM does not believe the emails, as discussed by Brian Brisco at his August 31, 2010 deposition, were preserved.**

7. Produce a copy of any other documents or files regarding John Doe.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense. Subject to these objections, in answer to EEOC Request No. 7, PAM indicates that it does not know exactly what files the EEOC may be referring to as PAM has given the EEOC all files regarding John Doe; however, subject to a specific request, PAM provides the following: (1) Driver file and (2) Employment Verification file, as Doc. #4, Bates 000177 to 000222; and Doc #5, Bates 000223 to 000235, respectively.**

8. Produce a copy of any and all documents submitted by Defendant to Driver Solutions regarding John Doe.

**ANSWER:**

**In answer to EEOC Request No. 8, PAM states that it presently knows of no such documents.**

9. Produce a copy of any and all documents submitted by Driver Solutions to Defendant regarding John Doe.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense. Subject to these objections, in answer to EEOC Request No. 9, PAM states that the only presently known documentation submitted by Driver Solutions to Defendant regarding John Doe is (1) a Certificate of Completion, which was earlier produced to the EEOC in the Driver's file; (2) John Doe's Employment Questionnaire dated 2/9/05 and to be produced in his medical file. These documents are provided subject to the 12/20/10 Stipulated Protective Order.**

10. Produce a copy of any and all documents, including email communications, between Defendant and Driver Solutions regarding truck drivers who Defendant decided to terminate from January 1, 2005, until the present and continuing through trial.

**ANSWER:**

**PAM objects to the length and breadth of this Document Request No. 10 as overbroad, unduly burdensome and not reasonably calculated to**

**lead to the discovery of admissible evidence for the reason that the high volume of truck drivers with a percentage of approximately 150% turnover are recruited through Driver Solutions. Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**In further answer to EEOC Request No. 10, PAM states that it does not advise Driver Solutions of the termination of any drivers.**

11. Produce a copy of Defendant's profit-loss statements from January 1, 2005, until the present and continuing through trial.

**ANSWER:**

**Defendant objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**In answer to EEOC Request No. 11, Defendant PAM, in an attempt to answer this broad request for documents for a public company attaches the following: Economic data for 2010, Doc. #6, Bates 000236 to 000247, and further states that as a public company this public information is available through the Securities and Exchange Commission. Upon further request, P.A.M. will attempt to provide further non-public financial information subject to the 12/20/10 Stipulated Protective Order.**

**In further answer to EEOC Request No. 11, Defendant PAM states that if Plaintiff is further concerned with the viability of Defendant, same could be the topic of a deposition of the corporate Chief Financial Officer or others who could answer any economic questions the EEOC may have.**

12. Produce a copy of all documents Defendant has in its possession which support its contention set forth in Defendant's affirmative defenses that Doe failed to exhaust his administrative remedies. If none exist, please so state.

**ANSWER:**

**Defendant states that the legal issues regarding failure to exhaust his administrative remedy were the subject of Defendant's 12/13/10 Motion for Summary Judgment (Doc. 43). In answer to EEOC Request No. 12, the following documents have so far been identified as responsive to this request:**

1. **Fax to John Doe – 10/10/05 – Dr. Cooper;**
2. **Michigan Advocacy Group's letter to PAM dated November 14, 2005;**
3. **PAM's letter to Michigan Advocacy Group dated November 15, 2005;**
4. **MP&A's letter to PAM dated November 30, 2005;**
5. **PAM correspondence to Michigan Advocacy Group dated 12/8/2005;**
6. **12/15/2005 Review of Medical Records by Dr. Craig Cooper; and**
7. **PAM's letter to Michigan Advocacy Group dated January 3, 2006.**

**These documents are attached to this Response as Doc. #7, Bates #000258 to 000259, Doc. #8, Bates 000260 to 000261; Doc #9, Bates 000262; Doc. #10, Bates 000263 to 000264; Doc # 11, Bates 000265 to 000266; Doc #12, Bates 000267; Doc #13, Bates 000268 to 000272, respectively.**

Respectfully submitted,

By: ______________________
F. R. Damm (P12462)
Michael J. Tauscher (P31718)
Attorneys for Defendant,
P.A.M. Transport, Inc.
535 Griswold St., Ste. 1818
Detroit, MI 48226
(313) 237-7400
(313) 963-7425 fax
fdamm@scopelitis.com

Dated: January 17, 2011