**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:09-CV-13851 |
| | ) | Hon. Mark A. Goldsmith |
| v. | ) | Magistrate: Michael J. Hluchaniuk |
| | ) | |
| P.A.M. TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_______________________________________/

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
(313) 226-6584 fax
nedra.campbell@eeoc.gov

F. R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400
(313) 963-7425 fax
fdamm@scopelitis.com

**DEFENDANT'S RESPONSE TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S MOTION TO COMPEL DISCOVERY AND TO EXTEND THE DATES IN THE AMENDED SCHEDULING ORDER**

In reply to Plaintiff's Motion To Compel Discovery and to Extend the Dates in the Amended Scheduling Order (Docket No. 56) Defendant replies as follows:

1. Defendant states that Plaintiff's Numbers 1 through 26 do not

require an answer, as the record in the matter, as well as the pleadings filed, speak for themselves and this history is not relevant to the instant motion.

2. Defendant's counsel has been working with and trying to coordinate the large volume of documentation and discovery requested by Plaintiff since the initiation of the discovery process, as explained in numerous objections to their interrogatories and requests for documents. It has also been burdensome to recreate all of the documentation given to Plaintiff during the nearly three years of their investigation.

3. In working with our client since the first Supplemental Responses, Defendant's counsel has been able to supply the EEOC with not only a disc containing tens of thousands of documents, being Bates #000387, but also approximately four reams of paper containing information sought by Plaintiff, as identified in the attached Exhibit A, being Defendant's Second Supplemental Response to Plaintiff's First Interrogatories, Defendant's Second Supplemental Response to Plaintiff's First Request for Production of Documents and Defendant's Second Supplemental Response to Plaintiff's Second Request for Production of Documents.

4. In response to Paragraph 28 of Plaintiff's Motion, which sets forth what the EEOC believes are deficiencies, Defendant now states that with the discovery given to Plaintiff on February 22, 2011 subject to the Court's Protective Order, Defendant has given Plaintiff all requested information from Interrogatory Numbers 2, 3 and 4.

5. In response to Plaintiff's Interrogatory Number 5, Defendant

reiterates its answer as to the individuals earlier provided in that same have not changed to the date of this filing.

6. In regard to Plaintiff's Interrogatories Number 11 and 12, same have been answered by the large volume of documents issued as well as the disc provided with all employee information. In further answer, Defendant indicates that the records provided have all come from the computer located in Tontitown, AR, as set forth in the August 31, 2010 deposition, wherein Plaintiff had a chance to ask all questions concerning the computer records as to how they were maintained, as they took the deposition of the person who maintains the records.

7. In response to Plaintiff's First Set of Requests for Production of Documents, Request Number 1, Defendant has supplemented their earlier replies by providing Plaintiff with the Corporate Structure Diagram, Bates #000386.

8. In response to Request Number 10, Defendant has answered that, to their knowledge, none is available, however, the hundreds, if not thousands of documents of the medical screens may indicate communication between the company and Driver Solutions, even though the company maintains their answer that they do not advise Driver Solutions of terminations. Defendant also refers Plaintiff to their Subpoena of Driver Dolutions.

9. In reply to Plaintiff's Motion vis-à-vis their Second Request for Production of Documents of Electronically Stored Information, the Court should be advised that with the disc numbered Bates #000387, Defendant has

provided Plaintiff with all of the master files, which contain all potential information requested as well as more that is maintained in the corporate computer.

10. In regard to Request Number 7, Defendant has produced all medical notes regarding Dr. Cooper from 1999 through December 2010, Bates #000809 to 002158.

11. Defendant reiterates its position that it has worked diligently since the Protective Order of 12/20/10 was entered. In further answer to Plaintiff's Motion, though Plaintiff did set out at least some of their concerns with Defendant's discovery in a January 14, 2011 letter, they did not follow up with same but rather filed the instant motion and as late as Wednesday, February 23, 2011, indicated that even though Defendant had to the best of our knowledge and ability answered the discovery, indicated to us that Defendant must file a response to their motion, which is the instant pleading.

12. As seen above,

(A) Plaintiff's request to have the Court order discovery responses in seven days is now moot;

(B) Defendant submits that in order for the Scheduling Order to be advanced by five months, a discussion should be convened to discuss the specifics of their discovery together with an agreed timetable; and

(C) The instant motion should now be denied as academic and that no fees be awarded to either party.

Respectfully submitted,

By: s/F. R. Damm

F. R. Damm (P12462)
Michael J. Tauscher (P31718)
Attorneys for Defendant,
P.A.M. Transport, Inc.
535 Griswold St., Ste. 1818
Detroit, MI 48226
(313) 237-7400
(313) 963-7425 fax
fdamm@scopelitis.com

Dated: February 25, 2011

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Nedra D. Campbell, Esq. And I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A.

Respectfully Submitted:

By: F. R. Damm

F. R. Damm (P12462)
Michael J. Tauscher (P31718)
Attorneys for Defendant,
P.A.M. Transport, Inc.
535 Griswold St., Ste. 1818
Detroit, MI 48226
(313) 237-7400
(313) 963-7425 fax
fdamm@scopelitis.com