**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

P.A.M. TRANSPORT, INC.,

Defendant.

Case No. 4:09-CV-13851
Hon. Mark A. Goldsmith
Magistrate: Michael J. Hluchaniuk

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
nedra.campbell@eeoc.gov

F. R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400
fdamm@scopelitis.com

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST SET OF INTERROGATORIES**

Defendant, P.A.M. TRANSPORT, INC. ("PAM"), by its counsel, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC, hereby states for its Second Supplemental Response to Plaintiff Equal Employment Opportunity Commission's ("EEOC") First Set Of Interrogatories as follows:

## GENERAL OBJECTIONS

Each of Defendant's responses is made subject to the following General Objections and each such General Objection is incorporated by reference into Defendant's response to each Request as if fully set forth therein unless the response specifically states that it is made notwithstanding these General Objections.

A. Defendant objects to the Interrogatories to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they have refused to disclose so as to avoid redundant production and expense until February 18, 2011 with same apparently still not truly available to Defendant as subject to further review by Plaintiff.

B. Defendant objects to the Interrogatories to the extent that they seek the production of documents or information which are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or are otherwise privileged. The inadvertent production of any privileged or work-product document is not intended, nor shall it be deemed to be, a waiver of any claim or privilege or work-product protective as to that document, and Defendant reserves the right to demand and obtain the return of any document inadvertently produced in response to these Interrogatories and/or request for documentation.

C. Defendant objects to the instructions to the Interrogatories to the extent that they seek to impose duties and to require the disclosure of information beyond what is required of respondent under the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

D. Defendant objects to the Interrogatories to the extent that they call for the production of documents not within its possession, custody or control.

E. Defendant objects to the Interrogatories to the extent that they are vague, overly broad or unduly burdensome, and have previously been provided.

F. Defendant objects to the Interrogatories to the extent that they are not limited in time and therefore are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence.

G. Defendant objects to the Interrogatories to the extent that they seek the production of documents and information which are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

H. Defendant objects to the Interrogatories to the extent that they seek the production of documents and information containing, constituting, or disclosing confidential, proprietary, commercially sensitive or trade secret information, subject to the 12/20/10 Stipulated Protective Order.

I. Defendant objects to those Interrogatories which seek the identification, summary or production of "all correspondence" or "any and all reports" or similar questions, as they are patently overly broad and unduly

burdensome. Defendant's responses are as complete as the information currently within its possession and which reasonable diligence permits.

J. Defendant objects to Plaintiff's Definition and Instructions to the extent that they purport to abrogate any of its rights or add to any of its duties under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Defendant does not adopt Plaintiffs Definitions or Instructions in any way.

**INTERROGATORIES**

1. Please provide information on Defendant's current corporate structure, including its full name, location, its ownership, and its relationship to PAM Transportation Services, Inc., Allen Freight Services, Inc., Choctaw Express, Inc., Decker Transport Co., Inc., East Coast Transport & Logistics, LLC, and PAM Dedicated Services, Inc.

**ANSWER:**

**In answer to EEOC Interrogatory No. 1, PAM states: PAM Transport, Inc. ("PAM") is a publicly owned corporation. PAM Transportation Services, Inc. ("PTSI") is a holding company for the issuance of common stock. PTSI has no employees or assets. Allen Freight Systems, Choctaw Express, Inc., Decker Transport Co., Inc. and PAM Dedicated Services, Inc. are former subsidiary companies merged under PAM Transport, Inc. East Coast Transport 7 Logistics, LLC is a freight brokerage non-asset based company and was sold effective 9/30/10.**

**In further answer to Interrogatory No. 1, Defendant PAM states that it is a public corporation and thus the Plaintiff can obtain all public information from the company's website, www.pamtransport.com and/or through the public records of the Securities and Exchange Commission. If Plaintiff wishes any more non-public information, the same can be**

**requested and/or the subject of a discovery deposition subject to the 12/20/10 Stipulated Protective Order. In further Answer, see answer to Defendant's Second Supplemental Response to Plaintiff's First Request for Production of Documents, Request #1, Doc. #20; Bates No. 000386.**

2. Please identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, because of information it obtained pursuant to its policy set forth in ¶ 8(a) of Plaintiff's Complaint, and provide the truck driver's medical condition and the reason(s) for the truck driver's discharge.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they object to disclosing so as to avoid redundant production and expense. Also objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as the time frame is excessive, the number of drivers employed in the requested time frame is in excess of 12,500; Plaintiff's own pre-suit investigation only revealed 84 drivers who allegedly were discharged because of the subject policy (0.000672% of the drivers during that time frame).**

**Further objected to as impermissible because Plaintiff is using post-Complaint discovery to try to create a purported class of allegedly affected drivers when the two and a half years pre-suit investigation found only 84 drivers of the alleged prospective class.**

**Objected to as being based on a faulty premise, i.e., that drivers were discharged because of information it obtained pursuant to its policy set forth in Paragraph 8(a) of Plaintiff's Complaint.**

**PAM objects to the length and breadth of the interrogatory as has been discussed with counsel for Plaintiff since receipt of the instant Interrogatories as well as during the investigation of this charge, and subsequent to the filing of the Complaint.**

**In further answer to EEOC Interrogatory No. 2, Plaintiff has in fact named 84 drivers who were purportedly discharged under the policy set forth in Interrogatory 2. That list of 84 drivers is provided in the Response to Plaintiff's Request For Production and PAM indicates that it herein provides the master files for the following three masters: (1) Drivers Master; (2) Employee Master/Payroll and (3) Insurance Master on the disc numbered Doc. #21; Bates No. 000387.**

3. Please identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, and reasons for the discharge.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested**

**information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question. Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**Nevertheless, all employment information can be found within the disc provided herein as Doc. #21; Bates No. 000387.**

4. Please identify by complete name, last known address, and telephone number each truck driver Defendant has placed on a medical hold from January 1, 2005, until the present and continuing through trial, and the reasons for the medical hold, the disposition of the medical hold, and the length of the medical hold.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the**

**time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question. Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**PAM answers Interrogatory No. 4 as it did Interrogatory No. 2 to indicate that it gave the Plaintiff some ten or twelve boxes of files, which would have contained the information herein requested, and that further, PAM herein provides all the medical information found within the corporate records under the following searched subjects: illness, medical hold, medical block, medically separated, medical separation: Shutdown, FROI (Doc. #22; Bates No. 000388 to 000808).**

5. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who was part of Defendant's Medical Review Board/Medical Review Office from January 1, 2005, until the present and continuing through trial.

**ANSWER:**

**In answer to EEOC Interrogatory No. 5, PAM states that it has previously provided this information to Plaintiff, but will provide same as follows:**

**Janice Brown was and is the Medical Compliance Manager. Ms. Brown can be contacted through counsel. Other employees involved in 2005 are listed in Defendant's Production of Documents within the pleading titled Responses to Requests by EEOC dated January 18, 2008, attached hereto (Bates No. 000248 to 000257).**

6. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who played a role in determining that John Doe (hereinafter "Doe") was placed on a medical hold and unable to drive a truck for PAM.

**ANSWER:**

**In answer to EEOC Interrogatory No. 6, PAM states that it has previously provided this information to Plaintiff. Nevertheless, PAM states the following individuals:**

**Janice Brown, Medical Compliance Manager, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Craig Cooper, Ph.D. D.O., 307A South Thompson, Springdale, AR 72764**

**Tony Longinotti, Director of Risk Management, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

7. Please identify Defendant's factual basis for its statement in its affirmative defenses that Doe failed to exhaust his administrative remedies. If none exist, please so state.

**ANSWER:**

**PAM objects to Interrogatory No. 7 as it calls for legal conclusions.**

**Nevertheless, in answer to EEOC Interrogatory No. 7, PAM states that the affirmative defense of exhaustion of administrative remedies has been specifically addressed in Defendant's 12/13/10 Motion for Summary Judgment (Doc. 43), as the facts demonstrate that John Doe apparently had a medical dispute with the opinion of Dr. Craig Cooper, as was stated by the letter of November 15, 2005, by the Michigan Advocacy Group, and**

**as Plaintiff well knows was the subject of two memorandums by Dr. Cooper as to the exact medical question. The letter of November 15, 2005, the company's reply dated November 16, 2005, a letter dated November 30, 2005, a letter dated November 30, 2005, as well as the two Dr. Cooper memorandums, PAM Transport letter of December 8, 2005, together with the company's January 3, 2006 letter to Michigan Advocacy Group will be produced in response to Request For Documents No. 12. The specific administrative remedy is found at 49 CFR § 391.11(a) and 49 CFR § 391.41(a); it has been upheld by numerous federal courts.**

8. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who played a role in determining that Defendant had "legitimate enforceable concerns regarding [Doe's] compliance with medication regimes and the effect of the medication on his ability to drive," as referenced in ¶ 8 of Defendant's affirmative defenses.

**ANSWER:**

**Please see answers to Interrogatory No. 6 together with Defendant/Respondent's Responses to Requests by EEOC, dated January 18, 2008 as Doc. #14, Bates 000248 to 000257.**

9. Please identify the factual bases for Defendant's statement in its affirmative defenses that Defendant's policy which is contained in ¶ 8(a) of Plaintiff's Complaint is mandated by 49 CFR § 391.11, § 391.41, § 391.43, and § 390.3(d), and identify by complete name, title, current employment status, last known address, and telephone number each factual witness Defendant intends to rely upon to testify that Defendant's

policy is mandated by these federal regulations and the knowledge of these witnesses. If none exist, please so state.

**ANSWER:**

**PAM objects to Interrogatory No. 9 as it calls for legal conclusions, is premature, and the factual bases will be the subject of expert testimony as discovery in this matter is further conducted.**

**Subject to these objections, Defendant states:**

**The factual basis can be seen by reading the cited federal regulations. 49 CFR § 391.11 prohibits persons from driving commercial vehicles unless qualified, subsection (b)(4) requires physical ability/qualification pursuant to Subpart E of the Federal Motor Carrier Safety Administration regulations. 49 CFR § 391.41 states a person "shall not drive a commercial motor vehicle" without a medical examiner's certificate of physical qualification. 49 CFR § 391.43 requires medical examiners to certify drivers do not have disqualifying conditions that "might affect the driver's ability to operate a commercial motor vehicle safely" (subsection (f)). An appeal process for medical qualification disputes is provided in 49 CFR § 391.47(b)(2). 49 CFR §390.3(d) states: "Additional Requirements. Nothing in subchapter B of this chapter shall be construed to prohibit an employer from requiring and enforcing more stringent requirements relating to safety of operation and employee safety and health."**

**In further answer to EEOC Interrogatory No. 9, PAM states that witnesses presently known on this topic will be:**

**Kenneth Hixson, Attorney, Hixson & Daniels PLLC, 133 Sunbridge Dr., Fayetteville, AR 72703**

**Tony Longinotti, Director of Risk Management P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Janice Brown, Medical Compliance Manager, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

10. Please provide the name, title / position, and contact information for at least three (3) individuals who have personal knowledge of Defendant's corporate structure and who could testify as to the substance contained in Defendant's profit-loss statements which should be provided in response to *Plaintiffs' Interrogatories for Production of Documents* Request No. 10.

**ANSWER:**

**In answer to EEOC Interrogatory No. 10, PAM states:**

**Lance K. Stewart, Chief Financial Officer, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Alan West, Director of Tax, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Tony Longinotti, Director of Risk Management, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

11. Please identify and describe all documents Defendant maintains which identify the name of a driver, and whether and when the driver has been terminated, discharged, or been placed on a medical hold, from January 1, 2005, until the present date, and continuing through trial.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question.**

**In further answer to EEOC Interrogatory No. 11, PAM states that the names with documents could be approximately one million pages as the driver files are multiple and extremely voluminous.**

**PAM has herein provided a disc with the existing three Master files (Doc. #21; Bates No. 000387) and all medical information contained in Doc. #23; Bates No. 000809 to 002158, together with all medical notes searched for in reference to Dr. Cooper, (Doc. #22; Bates No. 000388 to 000808).**

12. With respect to all documents identified in response to the above Interrogatory No. 11, please identify where these documents are maintained, how these documents are maintained (*i.e.*, whether they are paper documents, electronically in a database, or both, including the software, program, or both), and who maintains these documents (including the full name, title, and location of these individuals).

**ANSWER:**

**In answer to EEOC Interrogatory No. 12, PAM states that the numerous and voluminous documentation produced during the investigation of the John Doe matter have been produced to the EEOC and copies we believe for most of the documents previously given are currently stored at P.A.M. Transport, Inc. in Tontitown, Arkansas.**

**In further answer to EEOC Interrogatory No. 12, has provided electronically relevant documents, as stated in the Second Supplemental Response No. 4 and answer to Interrogatory No. 11 above.**

13. Please identify all computer software Defendant has used since January 1, 2005, until the present and continuing until trial, and uses, including Defendant's email system, word processing system, payroll system, driver tracking software, medical processing software, and describe how Defendant uses all software it has identified.

**ANSWER:**

**In answer to EEOC Interrogatory No. 13, PAM states that the question was answered in full at the time of the EEOC's 30(b)(6) deposition of Paul Bagwell and Brian Brisco in Tontitown, Arkansas, on August 31, 2010. See, for example, Bagwell Transcript pages 12-13, 26-28 and 33.**

**ACKNOWLEDGMENT**

STATE OF ARKANSAS )
)SS.
COUNTY OF Washington )

TONY LONGINOTTI, being first duly sworn, deposes and says that he is a duly authorized agent of Defendant, P.A.M. Transport, Inc., that he has read the foregoing Second Supplemental Answers to Plaintiff's First Interrogatories and subscribed to the same on behalf of P.A.M. Transport, Inc.; that he has personal knowledge of the facts stated herein, except as to matters stated upon information and belief which he believes to be true, and if sworn as a witness, he would be competent to testify thereto; that said Second Supplemental Answers were prepared with assistance and advice of counsel and employees of P.A.M. Transport, Inc., upon whose advice your deponent has relied; that said Second Supplemental Answers to Plaintiff's First Interrogatories subject to inadvertent or undiscovered errors, are based on and therefore limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Second Supplemental Answers to Plaintiff's First Interrogatories; that subsequently, your deponent reserves the right to make changes in the Second Supplemental Answers to Plaintiff's First Interrogatories if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Second Supplemental Answers to Plaintiff's First Interrogatories are true to the best of your deponent's knowledge information and belief.

P.A.M. Transport, Inc.

By: [signature]
Tony Longinotti
P.A.M. Transport, Inc.

Subscribed and sworn to before
me this 17th day of February, 2011.

Angela B. Clark
, Notary Public
Benton County, Arkansas
Acting in Washington County
My commission expires:

ANGELA R. CLARK
MY COMMISSION # 12346068
EXPIRES: January 26, 2016
Benton County

Respectfully submitted,

By: ______________________
F. R. Damm (P12462)
Michael J. Tauscher (P31718)
Attorneys for Defendant,
P.A.M. Transport, Inc.
535 Griswold St., Ste. 1818
Detroit, MI 48226
(313) 237-7400
(313) 963-7425 fax
fdamm@scopelitis.com

Dated: February 21, 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

P.A.M. TRANSPORT, INC.,

Defendant.

Case No. 4:09-CV-13851
Hon. Mark A. Goldsmith
Magistrate: Michael J. Hluchaniuk

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
nedra.campbell@eeoc.gov

F. R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400
fdamm@scopelitis.com

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Defendant, P.A.M. TRANSPORT, INC. ("PAM"), by its counsel, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC, states for its Second Supplemental Response to Plaintiff, Equal Employment Opportunity Commission's ("EEOC") First Request For Production of Documents as follows:

## GENERAL OBJECTIONS

Each of Defendant's responses is made subject to the following General Objections and each such General Objection is incorporated by reference into Defendant's response to each Request as if fully set forth therein unless the response specifically states that it is made notwithstanding these General Objections.

A. Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they have refused to disclose so as to avoid redundant production and expense until February 18, 2011 with same apparently still not truly available to Defendant as subject to further review by Plaintiff.

B. Defendant objects to the Requests to the extent that they seek the production of documents or information which are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or are otherwise privileged. The inadvertent production or any privileged or work-product document is not intended, nor shall it be deemed to be, a waiver of any claim or privilege or work-product protective as to that document, and Defendant reserves the right to demand and obtain the return of any document inadvertently produced in response to these Interrogatories and/or Requests.

C. Defendant objects to the instructions to the Requests to the extent that they seek to impose duties and to require the disclosure of information beyond what is required of respondent under the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

D. Defendant objects to the Requests to the extent that they call for the production of documents not within its possession, custody or control.

E. Defendant objects to the Requests to the extent that they are vague, overly broad or unduly burdensome, and have previously been produced.

F. Defendant objects to the Requests to the extent that they are not limited in time and therefore are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence.

G. Defendant objects to the Requests to the extent that they seek the production of documents and information which are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

H. Defendant objects to the Requests to the extent that they seek the production of documents and information containing, constituting, or disclosing confidential, proprietary, commercially sensitive or trade secret information, subject to the 12/20/10 Stipulated Protective Order.

I. Defendant objects to those Requests which seek the identification, summary or production of "all correspondence" or "any and all reports" or

similar questions, as they are patently overly broad and unduly burdensome. Defendant's responses are as complete as the information currently within its possession and which reasonable diligence permits.

J. Defendant objects to Plaintiff's Definition and Instructions to the extent that they purport to abrogate any of its rights or add to any of its duties under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Defendant does not adopt Plaintiffs Definitions or Instructions in any way.

**REQUESTS FOR PRODUCTION**

1. Produce copies of documents that demonstrate Defendant's corporate structure and relationship with PAM Transportation Services Inc. ("PTSI").

**ANSWER:**

**Objected to as overbroad and vague and not suited to a reasonable response; subject to these objections and in answer to EEOC Request No. 1, PAM answers that Defendant's corporate structure as of the date of this response is as stated in Defendant's answer to EEOC Interrogatory No. 1. In further answer to this request, please see answer to EEOC Interrogatory No. 10. PAM Herein provides a diagram of the Corporate Structure as of 12/31/2009, Doc. #20; Bates No. 000386.**

2. Produce copies of any and all employment practices liability insurance policies, or copies of any other insurance policies that may cover the allegations set forth in Plaintiff's Complaint or other allegations of employment discrimination. If none exist, please so state.

**ANSWER:**

**In answer to EEOC Request No. 2, PAM answers that none exist.**

3. Produce copies of Defendant's employee handbooks and driver manuals as of January 2005, through the present and continuing through trial.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which he refuses to disclose so as to avoid redundant production and expense. Subject to these objections, in answer to EEOC Request No. 3, PAM answers that the same have been previously produced and are well known to Plaintiff; however, PAM agrees to, as best they can and as is available, produce the driver manuals as of May 2005, June 2007, and the April 1, 2010 employee handbook, attached as Doc. #1, Bates 000001 to 000066; Doc. #2, Bates 000066 to 000151; and Doc #3, Bates 000152 to 000176, respectively.**

4. Produce a copy of John Doe's entire un-redacted personnel file.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which he refuses to disclose so as to avoid redundant production and expense. Subject to these objections, in answer**

**to EEOC Request No. 4, PAM answers that the same has previously been produced. The personnel file of John Doe is provided subject to the 12/20/10 Stipulated Protective Order (Doc #18, Bates 000295 to 000360).**

5. Produce a copy of John Doe's entire un-redacted medical file.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense. Subject to these objections, in answer to EEOC Request No. 5, PAM answers that the same has previously been produced. The medical file of John Doe is provided subject to the 12/20/10 Stipulated Protective Order. Subject to the 12/20/10 Stipulated Protective order, all social security numbers, birth dates, residential addresses, and last names on documents containing medical information should be redacted. (Doc #19, Bates 000361 to 000385).**

6. Produce a copy of any and all email communications regarding John Doe. If none exist, please so state.

**ANSWER:**

**In answer to EEOC Request No. 6, PAM indicates that they do not presently know of any electronic communication regarding John Doe, however, as PAM works together with the EEOC they will continue to determine if any such exists, even though PAM does not believe the emails, as discussed by Brian Brisco at his August 31, 2010 deposition, were preserved.**

7. Produce a copy of any other documents or files regarding John Doe.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense. Subject to these objections, in answer to EEOC Request No. 7, PAM indicates that it does not know exactly what files the EEOC may be referring to as PAM has given the EEOC all files regarding John Doe; however, subject to a specific request, PAM provides the following: (1) Driver file and (2) Employment Verification file, as Doc. #4, Bates 000177 to 000222; and Doc #5, Bates 000223 to 000235, respectively.**

8. Produce a copy of any and all documents submitted by Defendant to Driver Solutions regarding John Doe.

**ANSWER:**

**In answer to EEOC Request No. 8, PAM states that it presently knows of no such documents.**

9. Produce a copy of any and all documents submitted by Driver Solutions to Defendant regarding John Doe.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense. Subject to these objections, in answer to EEOC Request No. 9, PAM states that the only presently known**

**documentation submitted by Driver Solutions to Defendant regarding John Doe is (1) a Certificate of Completion, which was earlier produced to the EEOC in the Driver's file; (2) John Doe's Employment Questionnaire dated 2/9/05 and to be produced in his medical file. These documents are provided subject to the 12/20/10 Stipulated Protective Order.**

**Further documentation should be found in the production of documents by Driver Solutions in reply to the EEOC subpoena.**

10. Produce a copy of any and all documents, including email communications, between Defendant and Driver Solutions regarding truck drivers who Defendant decided to terminate from January 1, 2005, until the present and continuing through trial.

**ANSWER:**

**PAM objects to the length and breadth of this Document Request No. 10 as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence for the reason that the high volume of truck drivers with a percentage of approximately 150% turnover are recruited through Driver Solutions. Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**In further answer to EEOC Request No. 10, PAM states that it does not advise Driver Solutions of the termination of any drivers. Nevertheless, see Drivers Master, Employee Master/Payroll and Insurance Master, Doc. #21; Bates No. 000387 and Doc. #22; Bates No. 000388 through 000808; further documentation could be found in the production of documents by Driver Solutions in reply to the EEOC subpoena. See answer to Request #9.**

11. Produce a copy of Defendant's profit-loss statements from January 1,

2005, until the present and continuing through trial.

**ANSWER:**

**Defendant objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**In answer to EEOC Request No. 11, Defendant PAM, in an attempt to answer this broad request for documents for a public company attaches the following: Economic data for 2010, Doc. #6, Bates 000236 to 000247, and further states that as a public company this public information is available through the Securities and Exchange Commission. Upon further request, P.A.M. will attempt to provide further non-public financial information subject to the 12/20/10 Stipulated Protective Order.**

**In further answer to EEOC Request No. 11, Defendant PAM states that if Plaintiff is further concerned with the viability of Defendant, same could be the topic of a deposition of the corporate Chief Financial Officer or others who could answer any economic questions the EEOC may have, as set forth in answer to EEOC Interrogatory No. 10.**

12. Produce a copy of all documents Defendant has in its possession which support its contention set forth in Defendant's affirmative defenses that Doe failed to exhaust his administrative remedies. If none exist, please so state.

**ANSWER:**

**Defendant states that the legal issues regarding failure to exhaust his administrative remedy were the subject of Defendant's 12/13/10 Motion for Summary Judgment (Doc. 43). In answer to EEOC Request No. 12, the following documents have so far been identified as responsive to this request:**

1. **Fax to John Doe – 10/10/05 – Dr. Cooper;**
2. **Michigan Advocacy Group's letter to PAM dated November 14, 2005;**

3. **PAM's letter to Michigan Advocacy Group dated November 15, 2005;**

4. **MP&A's letter to PAM dated November 30, 2005;**

5. **PAM correspondence to Michigan Advocacy Group dated 12/8/2005;**

6. **12/15/2005 Review of Medical Records by Dr. Craig Cooper; and**

7. **PAM's letter to Michigan Advocacy Group dated January 3, 2006.**

**These documents are attached to this Response as Doc. #7, Bates #000258 to 000259, Doc. #8, Bates 000260 to 000261; Doc #9, Bates 000262; Doc. #10, Bates 000263 to 000264; Doc # 11, Bates 000265 to 000266; Doc #12, Bates 000267; Doc #13, Bates 000268 to 000272, respectively.**

Respectfully submitted,

By: [signature]

F. R. Damm (P12462)
Michael J. Tauscher (P31718)
Attorneys for Defendant,
P.A.M. Transport, Inc.
535 Griswold St., Ste. 1818
Detroit, MI 48226
(313) 237-7400
(313) 963-7425 fax
fdamm@scopelitis.com

Dated: February 21, 2011

# RESPONSE TO REQUEST #1

**Corporate Structure**
(Calendar YE 12/31/2009 only)




**Corporate Structure**
(Effective 1/1/2010)




000386

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

P.A.M. TRANSPORT, INC.,

Defendant.

Case No. 4:09-CV-13851
Hon. Mark A. Goldsmith
Magistrate: Michael J. Hluchaniuk

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410 / 6584 fax
nedra.campbell@eeoc.gov

F.R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400 / (313) 963 7425 fax
fdamm@scopelitis.com

**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

Defendant, P.A.M. TRANSPORT, INC. ("P.A.M"), by its counsel, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC, states for its Second

Supplemental Response to Plaintiff, Equal Employment Opportunity Commission's ("EEOC") Second Request For Production of Documents as follows:

**GENERAL OBJECTIONS**

Each of Defendant's responses is made subject to the following General Objections and each such General Objection is incorporated by reference into Defendant's response to each Request as if fully set forth therein unless the response specifically states that it is made notwithstanding these General Objections.

A. Defendant objects to the Requests to the extent that they seek the production of documents or information which are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or are otherwise privileged. The inadvertent production or any privileged or work-product document is not intended, nor shall it be deemed to be, a waiver of any claim or privilege or work-product protection as to that document, and Defendant reserves the right to demand and obtain the return of any document inadvertently produced in response to these Requests.

B. Defendant objects to the instructions to the Requests to the extent that they seek to impose duties and to require the disclosure of information beyond what is required of respondent under the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

C. Defendant objects to the Requests to the extent that they call for the production of documents not within its possession, custody or control.

D. Defendant objects to the Requests to the extent that they are vague, overly broad or unduly burdensome.

E. Defendant objects to the Requests to the extent that they are not limited in time and therefore are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence.

F. Defendant objects to the Requests to the extent that they seek the production of documents and information which are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

G. Defendant objects to the Requests to the extent that they seek the production of documents and information containing, constituting, or disclosing confidential, proprietary, commercially sensitive or trade secret information, subject to the 12/20/10 Stipulated Protective Order.

H. Defendant objects to those Requests which seek the identification, summary or production of "all correspondence" or "any and all reports" or similar questions, as they are patently overly broad and unduly burdensome. Defendant's responses are as complete as the information currently within its possession and which reasonable diligence permits.

I. Defendant objects to Plaintiff's Definition and Instructions to the extent that they purport to abrogate any of its rights or add to any of its duties

under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Defendant does not adopt Plaintiffs Definitions or Instructions in any way.

**REQUESTS FOR PRODUCTION**

1. Produce copies of all documents which indicate that Defendant requested John Doe to submit to a functional capacity evaluation as indicated in Response #7 of Defendant's Response to Plaintiff's First Set of Requests for Admissions.

**ANSWER:**

**Dr. Craig Cooper's reports, dated October 10, 2005 and December 15, 2005; 11/15/2005, 12/8/2005, 1/3/2006 Responses from Tony Longinotti are attached.**

2. Produce copies of all documents, including handouts and manuals, which Defendant uses to inform employees in its Medical Compliance Department how to perform their job.

**ANSWER:**

**Those presently known include, but are not reasonably limited to, those title pages attached hereto:**

**I. FMCSA:**

**A. Regulations Handbook;**

**B. Musculoskeletal Disorders II, Spinal Cord Injury, and Commercial Motor Vehicle Driver Safety: Findings of Evidence Report;**

**C. Psychiatric Disorders and Commercial Motor Vehicle Driver Safety: Opinions of the Psychiatric Medical Expert Panel;**

**D. Executive Summary: Obstructive Sleep Apnea and Commercial Motor Vehicle Driver Safety (7/12/2007);**

**E. Executive Summary: Seizure Disorders and Commercial Motor Vehicle Driver Safety (11/30/2007);**

**F. Executive Summary: Psychiatric Disorders and**

**commercial Motor Vehicle Driver Safety (8/29/2008);**

- **G. Executive Summary: Musculoskeletal Disorders and Commercial Motor Vehicle Driver Safety (4/30/2008);**
- **H. Executive Summary: Diabetes and Commercial <otor Vehicle Driver Safety, 9/8/2006;**
- **I. Executive Summary: Cardiovascular Disease and Commercial Motor Vehicle Driver Safety, 4/10/2007;**
- **J. Vision and Commercial Motor Vehicle Driver Safety, 6/6/2008;**
- **K. Psychiatric Disorders and Commercial Motor Vehicle Driver Safety: Findings of Evidence Report;**

**II. Transport Topics: CSA 2010;**

**III. PAM Internal Memos dated 3/7/2006 and undated Overview of Risk Management Compliance Department;**

**IV. Miscellaneous Education Materials and Concentra Guide to Medical Certification of Commercial Drivers.**

**(Doc #15, Bates 000273-000285; Doc #16, Bates 000287-000292; Doc #17, Bates 000293-000294, respectively).**

3. Produce copies, in electronic format on DVDs, of the payroll master as referenced by Paul Bagwell during the Fed.R.Civ.P.30(b)(6) deposition conducted on August 31, 2010.

**ANSWER:**

**Subject to the 12/20/10 Stipulated Protective Order, Defendant has provided a Disc (Doc. #21; Bates No. 000387) entitled Drivers Master, Employee Master/Payroll and Insurance Master with payroll information as to all drivers from 1999 to 2010.**

4. Produce copies, in electronic format on DVDs, of the employee master as referenced by Paul Bagwell during the Fed.R.Civ.P.30(b)(6) deposition conducted on August 31, 2010.

**ANSWER:**

**The Employee Master requested is the same as the disc (Doc. #21; Bates No. 000387) entitled Drivers Master, Employee Master/Payroll and Insurance Master in answer to Request #3 above.**

5. Produce copies, in electronic format on DVDs, of the Insurance Master as referenced by Paul Bagwell during the Fed.R.Civ.P.30(b)(6) deposition conducted on August 31, 2010.

**ANSWER:**

**Subject to the 12/20/10 Stipulated Protective Order, Defendant has provided a Disc (Doc. #21; Bates No. 000387) entitled Drivers Master, Employee Master/Payroll and Insurance Master in answer to Request No. #3 above, with information as to all drivers from 1999 to 2010.**

6. Produce copies, in electronic format on DVDs, of the driver master as referenced by Paul Bagwell during the Fed.R.Civ.P.30(b)(6) deposition conducted on August 31, 2010.

**ANSWER:**

**Subject to the 12/20/10 Stipulated Protective Order, Defendant has provided a Disc (Doc. #21; Bates No. 000387) entitled Drivers Master, Employee Master/Payroll and Insurance Master in answer to Request #3 above, with information as to all drivers from 1999 to 2010.**

7. Produce copies of all correspondence sent by Defendant to Dr. Craig Cooper regarding any driver from January 1, 2005, to the present date and continuing through trial.

**ANSWER:**

**Objected to as overbroad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence as it is not reasonably limited as to scope or time frame and involves drivers not involved with the policy at issue; Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to**

**December 21, 2008. Subject to the 12/20/10 Stipulated Protective Order, Defendant herein provides all "Medical Notes" referencing Dr. Cooper (Doc. #23; Bates No. 000809 to 002158) and, upon request, will provide any additional information on any driver requested, as identified in the notes.**

8. Produce copies of all correspondence received from Dr. Craig Cooper regarding any driver from January 1, 2005, to the present date and continuing through trial.

**ANSWER:**

**Subject to the 12/20/10 Stipulated Protective Order, Defendant states that Plaintiff should see Response to Document Request #7, (Doc. #23; Bates No. 000809 to 002158).**

Respectfully submitted,

By: F R Damm

F. R. Damm (P12462)
Michael J. Tauscher (P31718)
Attorneys for Defendant,
P.A.M. Transport, Inc.
535 Griswold St., Ste. 1818
Detroit, MI 48226
(313) 237-7400
(313) 963-742
fdamm@scopelitis.com

Dated: February 21, 2011