IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>P.A.M. TRANSPORT, INC.,<br><br>Defendant. | Case No. 4:09-CV-13851<br>Hon. Michael A. Goldsmith<br>Magistrate: Michael J. Hluchaniuk |


| | |
|---|---|
| LAURIE A. YOUNG<br>NEDRA CAMPBELL (P58768)<br>AARIKA MACK-BROWN<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Counsel for Plaintiff<br>477 Michigan Ave, Room 865<br>Detroit, Michigan 48226<br>(313) 226-3410 / 6584 fax | F.R. DAMM (P12462)<br>MICHAEL J. TAUSCHER (P31718)<br>SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC<br>Counsel for Defendant<br>535 Griswold St., Ste. 1818<br>Detroit, Michigan 48226<br>(313) 237-7400 / (313) 963-7425 fax |


**MOTION TO COMPEL DEFENDANT P.A.M.'S PRODUCTION OF DOCUMENTS AND ANSWERS**

Plaintiff, the Equal Employment Opportunity Commission now submits this Motion to Compel Defendant P.A.M.'s Production of Documents and Answers, and the accompanying brief in support of this Motion. In support of its motion, the Commission states as follows:

1. The EEOC's Amended Complaint alleges that since at least January 1, 2005, P.A.M. engaged in conduct which violated the Americans with

Disabilities Act.

2. The EEOC served its Third Set of Interrogatories and Requests for Production of Documents and Electronically Stored Information on November 29, 2011.
3. The EEOC served its Fourth Request for Production of Documents and Electronically Stored Information on December 1, 2011.
4. P.AM. provided its narrative responses to the EEOC's requests on January 3, 2012.
5. In these responses, P.A.M. generally refused to produce any information or documentation in response to the EEOC's discovery requests.
6. Pursuant to LR 7.1, the EEOC attempted to resolve this matter with Defendant without filing a motion and between February 1, 2012 and February 15, 2012 the Parties regarding the EEOC's intent to file a Motion to Compel relating to the EEOC's discovery requests of November 29th and December 1st. However, the Parties have been unable to reach an agreement with respect to the production of the requested materials.
7. Because the Parties' have been unable to resolve their discovery dispute by agreement, the EEOC now submits the present Motion to Compel Defendant P.A.M.'s Production of Documents and Answers.
8. This Motion is made in good faith and not for purposes of delay.

WHEREFORE, the EEOC requests that this Court grant its Motion to Compel Defendant's Production of Documents and Answers.

Respectfully submitted,

LAURIE A. YOUNG, #11480-49
Regional Attorney

*/s/ Aarika D. Mack-Brown*
Aarika D. Mack-Brown, #25006-49A
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
Phone: (317) 226-7228
FAX: (317) 226-5571
Email: aarika.mack-brown@eeoc.gov

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>P.A.M. TRANSPORT, INC.,<br><br>Defendant. | Case No. 4:09-CV-13851<br>Hon. Michael A. Goldsmith<br>Magistrate: Michael J. Hluchaniuk |


| | |
|---|---|
| LAURIE A. YOUNG<br>NEDRA CAMPBELL (P58768)<br>AARIKA MACK-BROWN<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Counsel for Plaintiff<br>477 Michigan Ave, Room 865<br>Detroit, Michigan 48226<br>(313) 226-3410 / 6584 fax | F.R. DAMM (P12462)<br>MICHAEL J. TAUSCHER (P31718)<br>SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC<br>Counsel for Defendant<br>535 Griswold St., Ste. 1818<br>Detroit, Michigan 48226<br>(313) 237-7400 / (313) 963-7425 fax |


**BRIEF IN SUPPORT OF THE EEOC'S MOTION TO COMPEL**

**DEFENDANT P.A.M.'S PRODUCTION OF DOCUMENTS AND ANSWERS**

## STATEMENT OF THE ISSUE

Whether Defendant must produce in an electronic format the documents and information requested in the EEOC's Third Set of Interrogatories and Request for Production of Documents and Electronically Stored Information and the EEOC's Fourth Request for Production of Documents and Electronically Stored information, including documents which reveal the identities of individuals who were placed on medical hold from January 1, 2005 through present; all medical history comments or "screen 43s" from January 1, 2005 through the present; documents which identify the benefits provided by Defendant to drivers during the relevant time frame; documents which identify the compensation structure maintained by Defendant during the relevant time frame; and updated copies of the payroll, employee, insurance, and driver masters produced by Defendant in 2010.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P 37
Fed. R. Civ. P. 34
*Info-Hold v. Sound Merch., Inc.,* 538 F.3d 448, 457 (6th Cir. 2008).
*Kumar v. Hilton Hotels Corp.*, 2009 U.S. Dist. LEXIS 101254 (W.D. Tenn. October 30, 2009)
*Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)
*McBride v. Medicalodges, Inc.,* Case No. 06-2535-JWL, 2008 U.S. Dist. LEXIS 36398 at *11 (D. Kan. May 2, 2008)
*Covad Communications Co. v. Revonet, Inc.,* 260 F.R.D. 5 *9 (D. D.C. 2009)
*Dahl v. Bain Capital Partners, Inc.*, No. 07-CV-12388, 2009 WL 1748526, at *3 (D.Mass. June 22, 2009)
*In re Classicstar Mare Lease Litig.*, No. 07-CV-353, 2009 WL 260954, at *3 (E.D.Ky. Feb. 2, 2009)
*Goodbys Creek, LLC v. Arch Ins. Co.*, No. 07-CV-947, 2008 WL 4279693, at *3 (M.D.Fla. Sept. 15, 2008)
*White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning*, 586 F.Supp.2d 1250, 1264 (D.Kan.2008)
*L.H. v. Schwarzenegger*, No. 06-CV-2042, 2008 WL 2073958, at *3 (E.D.Cal. May 14, 2008)
*United States v. O'Keefe,* 537 F.Supp.2d 14, 23 (D.D.C.2008)

## I. INTRODUCTION

The EEOC's Amended Complaint alleges that since at least January 1, 2005, P.A.M. has violated the Americans with Disabilities Act by maintaining an overly broad Medical Clearance policy and through this policy subjecting all truck drivers to disability-related medical inquiries prohibited by the ADA.[1] The EEOC has served upon Defendant the EEOC's Third Set of Interrogatories and its Third and Fourth Requests for Production of Documents and Electronically Stored Information, and despite having no sound reason for objecting, Defendant has refused to produce any information in response to these discovery requests. Therefore, the EEOC is requesting that this Court compel Defendant's response to the EEOC's discovery requests and order that Defendant bear all costs associated with this Motion.

## II. FACTS

This case has been bifurcated into two phases. The liability phase of discovery ended on September 15, 2011. The damages phase of discovery, which began on September 19, 2011, is on-going. On or about November 29, 2011, the EEOC sent to Defendant Plaintiff's Third Set of Interrogatories[2] and Requests for Production of Documents and Electronically Stored Information. Exhibit 1. On December 1, 2011, Plaintiff sent to Defendant Plaintiff's Fourth Request for

[1] The Amended Complaint also alleges that Defendant terminated Doe's employment because of his disability, HIV. This Court, however, dismissed this claim without prejudice pending Doe's appeal to the Department of Transportation.

[2] The EEOC incorrectly named these interrogatories as the Third Set of Interrogatories. They should have been named the Second (not the Third) Set of Interrogatories.

Production of Documents and Electronically Stored Information. Ex. 2. Through these interrogatories and requests for production of documents, the EEOC sought the following:

- The identities of individuals who were placed on medical hold during the relevant time frame as identified in the Amended Complaint (January 1, 2005 through present). See Ex. 1, Interrogatory No. 1, Request No. 1.
- All medical history comments or "screen 43s" from January 1, 2005 through the present. See Ex. 2, Request 1.
- Documents which identify the benefits provided by Defendant to drivers during the relevant time frame. See Ex. 1, Request, Interrogatory 2 and Request 2.
- Documents which identify the compensation structure maintained by Defendant during the relevant time frame. See Ex. 1, Interrogatories 3-4 and Requests 3-4.
- Updated copies of the payroll, employee, insurance, and driver masters produced by Defendant in 2010. Ex. 1, Requests 5-8.

What is more, the EEOC specifically requested that Defendant provide all the requested documentation in an electronic format. See Ex. 1 and Ex. 2.

Defendant responded on January 3, 2012; however, Defendant objected to producing any information in response to the EEOC's current discovery requests. See Ex. 3, Defendant's Response to the EEOC's Third Set of Interrogatories and

Request for Production of Documents and Electronically Stored Information and Ex. 4, Defendant's Response to the EEOC's Fourth Set of Requests for Production of Documents and Electronically Stored Information.

On or about February 2, 2012, the EEOC notified Defendant that the EEOC intended to file a Motion to Compel regarding Defendant's lack of response. Ex. 8, E-mail from EEOC Attorney Nedra Campbell to P.A.M. Attorney Fritz Damm. On February 15, 2012, Defendant and the EEOC continued their discussions relating to the EEOC's intent to file a Motion to Compel. Ex. 9, E-mail from EEOC Attorney Aarika Mack-Brown to P.A.M. Attorney Fritz Damm. Nevertheless, the Parties have not reached an agreement with respect to the EEOC's November 29th and December 1st discovery requests. Therefore, the EEOC is now asking this Court to compel from Defendant production of relevant and discoverable information.

## III. ARGUMENT

### A. Legal Authority

Under Rule 37(a)(3)(B) of the Federal Rules of Civil Procedure, when a party fails to answer interrogatories submitted under Rule 33 or requests for the production of documents submitted under Rule 34, the party serving the discovery can move for an order compelling the opposing party's answers or production. Motions to compel discovery are analyzed under Federal Rule of Civil Procedure 26, which enables a party to obtain discovery regarding any non-privileged matter that is relevant to the party's claim or defense. …" *Info-Hold v. Sound Merch., Inc.,* 538 F.3d 448, 457 (6th Cir. 2008). Relevance for discovery purposes is viewed more liberally than relevance for evidentiary purposes. *Kumar v. Hilton Hotels Corp.*,

2009 U.S. Dist. LEXIS 101254 (W.D. Tenn. October 30, 2009). "Relevancy" in the context of discovery has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978).

Moreover, under the Federal Rules of Civil Procedure, parties are required to produce information in a reasonably usable electronic format where possible and practicable when such production is requested. See Fed. R. Civ. P. 34. Indeed, as the Advisory Committee notes relating to Rule 34 explain, "If the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature."

**B. P.A.M's Relevancy Objection is Without Merit.**

Interrogatory 1 and Request for Production 1 of the EEOC's Third Set of Interrogatories and Request for Production of Documents seek the identities of employees who were placed on medical hold from January 1, 2005 through the present. Likewise, Request 1 of the EEOC's Fourth Request for Production asks that Defendant produce all medical history comments or screen 43s for that same time frame. Defendant has refused to respond to these discovery requests, claiming, among other things, that these discovery requests are "not reasonably calculated to lead to the discovery of admissible evidence as the time frame is excessive, particularly considering the Plaintiff's identification of only 84 drivers … that were allegedly impacted by the policy in question." Defendant's objection,

however, is not well-taken. Under Federal Rule of Civil Procedure 26, parties are entitled to obtain discovery regarding any non-privileged matter that is relevant to the party's claim or defense. *…" Info-Hold.*, 538 F.3d at 457 (emphasis added). "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1*)." McBride v. Medicalodges, Inc.,* Case No. 06-2535-JWL, 2008 U.S. Dist. LEXIS 36398 at *11 (D. Kan. May 2, 2008). As stated above, the EEOC has alleged that Defendant has committed violations of the ADA since at least January 1, 2005. The Amended Complaint contains no mention of an end-date to these violations. Thus, the time frame mentioned in the discovery requests is on its faces relevant to this litigation. Consequently, Defendant bears the burden of showing that the time frame mentioned is incorrect and documents from that time frame are irrelevant. Defendant, however, has presented no information which puts in doubt the time frame or the relevancy of the documents. Importantly, Defendant has never denied that the Medical Clearance policy which caused these violations was in place in January 2005 and/or that this policy continues into the present. Therefore, Defendant's objection to the time frame is without merit.

Moreover, the Commission brought this case on behalf of all individuals affected by the Medical Clearance policy, not just the 84 discovered during the investigation. Thus, it is equally without merit to suggest, as Defendant does, that that the information requested in these discovery requests is irrelevant because it

does not relate to the 84 drivers identified at the time of the administrative investigation.[3]

### C. The EEOC's Discovery Requests Are Not Redundant, and the EEOC Does Not Have the Information Sought By These Requests.

The EEOC's Third Request for Production asks that Defendant provide in an electronic form documents which identify those individuals placed on medical hold from 2005 to the present; state the employee benefits provided to drivers by Defendant; and reveal the compensation structure Defendant has maintained for drivers during the relevant time frame. Ex. 1, Requests 1-4. In addition, Defendant's Third Request for Production seeks electronically maintained copies of the payroll, employee, insurance, and driver masters referenced by deponent Paul Bagwell on August 31, 2010. Ex. 1, Requests 5-8. The EEOC's Fourth Request for Production seeks electronically stored versions of all medical history comments or Screens 43s from January 1, 2005 through the present. Ex. 2. Defendant has objected to providing this information, calling these requests "redundant" and claiming that the EEOC already has the information the discovery requests seek.[4] Again, Defendant's objection is without merit.

---

[3] Defendant has admitted that, after a driver makes a report pursuant to the Medical Clearance policy, the driver is placed on unpaid medical hold. If a driver experiences an unpaid medical hold as a result of Defendant's Medical Clearance policy, then he/she is squarely within the class of individuals affected by the Medical Clearance policy.

[4] Additionally, Defendant claims that these requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant's discovery responses, however, fail to state why Defendant believes these discovery requests are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence. On the other hand, the EEOC maintains that these requests are proper. All are limited to the correct time frame (2005-present) and all are designed to help the EEOC either identify those individuals who have been impacted by Defendant's Medical Clearance policy (Ex. 1, Interrogatory 1 and Request 1; Ex. 2, Interrogatory 1) or properly calculate the amount of damages (Ex. 1, Interrogatories 2-4 and Requests 2-8). What is more, producing documentation relating to medical holds, medical comments/screen 43s,

As an initial matter, Defendant is simply wrong when it suggests that the EEOC already made the request for driver social security numbers contained in Interrogatory 1 and Request 1 or the requests in Interrogatories 2-4 and Requests 2-4 of the EEOC's Third Interrogatories and Request for Production of Documents and Electronically Stored Information. The EEOC has not made these requests. And, though Defendant produced some "screen 43s" in response to previous discovery requests, the EEOC has never, as it does in its Fourth Request for the Production of Documents and Electronically Stored Information, made a specific request for all screen 43s during the relevant time frame.

Defendant's redundancy objection is also baseless to the extent this objection suggests that the EEOC has the requested information for the entire time frame and/or that Defendant ever provided information spanning from 2005 to the present. Indeed, Defendant has never provided and the EEOC does not have information spanning from 2005 to the present. See Ex. 5, Defendant's Response to Plaintiff's First Interrogatories; Ex. 6, Defendant's Response to Plaintiff's First Request for Production of Documents and Electronically Stored Information; Ex. 7, Defendant's Response to Plaintiff's Second Request for Production of Documents and Electronically Stored Information; Ex. 3, Defendant's Responses to the EEOC's Third Set of Interrogatories and Request for Production of Documents and Electronically Stored Information; Ex. 4, Defendant's Response to Plaintiff's Fourth

compensation and payroll, and the masters should be of little burden to Defendant as all these documents are currently available in an electronic form.

Request for Production of Documents and Electronically Stored Information.[5] Thus, by claiming that the EEOC's request is redundant and asking the EEOC to refer to previously provided information for a response to the current discovery requests, Defendant ignores the fact that Defendant has never produced information for the entire time frame.[6]

Furthermore, Defendant's objection is misplaced because, though Defendant provided some paper records which contain some (but not all) information responsive to these requests, Defendant has not produce all these documents in electronic form.[7] Under Rule 34, the party that propounds discovery may specify that the party from whom discovery is sought produce the requested information in an electronic format. Here, the EEOC has specified that documents be produced electronically. The "voluminous pre-suit discovery" and the other documents to which Defendant repeatedly refers were largely produced by Defendant in paper, not electronic, form. Therefore, many of the documents Defendant refers to are not responsive to the EEOC's requests. *See, e.g., Covad Communications Co. v. Revonet, Inc.,* 260 F.R.D. 5 *9 (D. D.C. 2009)(requiring production of spreadsheets

[5] PAM has conducted an electronic search of the database which houses its medical records and has produced the names of drivers whose medical screens contain the words/phrases illness, medical hold, medical block, medically separated, medical separation, shutdown, and FROI. However, Defendant has only produced the underlying medical screenshots (in paper, not electronic, form) where said screenshot was created during the 9/1/05-12/21/08 time frame and contained the name "Cooper". Moreover, this production is inadequate because the search P.A.M. conducted likely missed some individuals who were placed on medical hold. For example, a review of the records show that P.A.M. often used the phrase "MS PW" when P.A.M. processed internal paperwork for drivers discharged for medically related issues. The search P.A.M conducted., however, would not reveal records which only used the "MS PW" term".

[6] As explained above, Defendant has failed to produce any evidence which suggests that the time frame as defined in the Amended Complaint is incorrect. Indeed, all evidence suggests that the practices complained of are ongoing. Therefore, any relevancy objection is without merit to the extent said objection refers to the time frame implicated in the discovery request.

[7] In 2010, Defendant sent a disc containing the payroll, employee, and insurance masters. Defendant has only produced medical screenshots in paper, not electronic, form.

in their original native format); *Dahl v. Bain Capital Partners, Inc.*, No. 07-CV-12388, 2009 WL 1748526, at *3 (D.Mass. June 22, 2009) (requiring production of spreadsheets in native format); *In re Classicstar Mare Lease Litig.*, No. 07-CV-353, 2009 WL 260954, at *3 (E.D.Ky. Feb. 2, 2009) (production may not degrade searchability); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 07-CV-947, 2008 WL 4279693, at *3 (M.D.Fla. Sept. 15, 2008) (same; conversion of e-mails from native to PDF not acceptable); *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning*, 586 F.Supp.2d 1250, 1264 (D.Kan.2008) (same); *L.H. v. Schwarzenegger*, No. 06-CV-2042, 2008 WL 2073958, at *3 (E.D.Cal. May 14, 2008) (same); *United States v. O'Keefe,* 537 F.Supp.2d 14, 23 (D.D.C.2008) (applying principle in criminal case).

### D. The Court Must Issue Sanctions Against P.A.M. for Its Failure to Cooperate.

Federal Rule of Civil Procedure 37(a)(5) requires that this Court order that P.A.M. pay all reasonable costs associated with filing this motion in the event that the Court grants this Motion. Because, as stated above, P.A.M.'s failure to respond to discovery has no justification, this Court must order that P.A.M pay the EEOC's reasonable expenses if this Motion is granted.

## IV. CONCLUSION

P.A.M. has not, and cannot, support its refusal to provide information which is clearly relevant to the claim in this case. Moreover, P.A.M. cannot refuse to produce electronic records by noting that paper records covering some of the requested information were produced in the past. As such, this Court should order

the production of the requested information and that P.A.M bear all costs associated with this motion.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Respectfully submitted,

*/s/Aarika D. Mack-Brown*
Aarika D. Mack-Brown (IN. No. 25006-49)
Trial Attorney
Indianapolis District Office
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
Tel. No. (317) 226-7228
Fax No. (317) 226-5571
Aarika.Mack-Brown@eeoc.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record, Frederick R. Damm, fdamm@scopelitis.com, and Michael J. Tauscher, mtauscher@scopelitis.com, to their electronic mail addresses on file with the Clerk of the Court.

*/s/Aarika D. Mack-Brown*
Aarika D. Mack-Brown