IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| Plaintiff, | ) Case No. 2:09-CV-13851 |
| | ) Hon. Mark A. Goldsmith |
| v. | ) Magistrate: Michael J. Hluchaniuk |
| P.A.M. TRANSPORT, INC., | ) |
| Defendant. | ) |


| | |
|---|---|
| LAURIE A. YOUNG<br>DEBORAH M. BARNO (P44525)<br>NEDRA CAMPBELL (P58768)<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Counsel for Plaintiff<br>Patrick V. McNamara Federal Building<br>477 Michigan Ave, Room 865<br>Detroit, Michigan 48226<br>(313) 226-3410<br>nedra.campbell@eeoc.gov | F. R. DAMM (P12462)<br>MICHAEL J. TAUSCHER (P31718)<br>SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC<br>Counsel for Defendant<br>535 Griswold St., Ste. 1818<br>Detroit, Michigan 48226<br>(313) 237-7400<br>fdamm@scopelitis.com |


**DEFENDANT'S RESPONSE TO**
**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S**
**FIRST SET OF INTERROGATORIES**

Defendant, P.A.M. TRANSPORT, INC. ("PAM"), by its counsel, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC, hereby responds to Plaintiff Equal Employment Opportunity Commission's ("EEOC") First Set Of Interrogatories as follows:

Exhibit 5

## GENERAL OBJECTIONS

Each of Defendant's responses is made subject to the following General Objections and each such General Objection is incorporated by reference into Defendant's response to each Request as if fully set forth therein unless the response specifically states that it is made notwithstanding these General Objections.

A. Defendant objects to the Interrogatories and request for documentation to the extent that the responsive documents are currently under review as to Plaintiff's recent deposition of the Defendant's information services personnel, which deposition was meant to, and will, assist the parties in breaking down the documentation electronically in order to save the time of the parties as well as the Court. Such discussions continue.

B. Defendant objects to the Interrogatories to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.

C. Defendant objects to Interrogatories defined as "Confidential Information" in the proposed Protective Order until such time as the Protective Order is approved by the Court.

D. Defendant objects to the Interrogatories to the extent that they seek the production of documents or information which are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or are otherwise privileged. The inadvertent production or any privileged or work-product document is not intended, nor shall it be deemed to be, a waiver of any claim or privilege or work-product protective as to that document, and Defendant reserves the right to demand and obtain the return of any document inadvertently produced in response to these Interrogatories and/or request for documentation.

E. Defendant objects to the instructions to the Interrogatories to the extent that they seek to impose duties and to require the disclosure of information beyond what is required of respondent under the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

F. Defendant objects to the Interrogatories to the extent that they call for the production of documents not within its possession, custody or control.

G. Defendant objects to the Interrogatories to the extent that they are vague, overly broad or unduly burdensome, and have previously been provided.

H. Defendant objects to the Interrogatories to the extent that they are not limited in time and therefore are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence.

I. Defendant objects to the Interrogatories to the extent that they seek the production of documents and information which are not relevant to

the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

J. Defendant objects to the Interrogatories to the extent that they seek the production of documents and information containing, constituting, or disclosing confidential, proprietary, commercially sensitive or trade secret information.

K. Defendant objects to those Interrogatories which seek the identification, summary or production of "all correspondence" or "any and all reports" or similar questions, as they are patently overly broad and unduly burdensome. Defendant's responses are as complete as the information currently within its possession and which reasonable diligence permits.

L. Defendant objects to Plaintiff's Definition and Instructions to the extent that they purport to abrogate any of its rights or add to any of its duties under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Defendant does <u>not</u> adopt Plaintiffs Definitions or Instructions in any way.

**INTERROGATORIES**

1. Please provide information on Defendant's current corporate structure, including its full name, location, its ownership, and its relationship to PAM Transportation Services, Inc., Allen Freight Services, Inc., Choctaw Express, Inc., Decker Transport Co., Inc., East Coast Transport & Logistics, LLC, and PAM Dedicated Services, Inc.

**ANSWER:**

**In answer to EEOC Interrogatory No. 1, PAM states: PAM Transport, Inc. ("PAM") is a publicly owned corporation. PAM Transportation Services, Inc. ("PTSI") is a holding company for the issuance of common stock. PTSI has no employees or assets. Allen Freight Systems, Choctaw Express, Inc., Decker Transport Co., Inc. and PAM Dedicated Services, Inc. are former subsidiary companies merged under PAM Transport, Inc. East Coast Transport 7 Logistics, LLC is a freight brokerage non-asset based company and was sold effective 9/30/10.**

**In further answer to Interrogatory No. 1, Defendant PAM states that it is a public corporation and thus the Plaintiff can obtain all public information from the company's website, www.pamtransport.com and/or through the public records of the Securities and Exchange Commission. Defendant objects to production of documents defined as "Confidential Information" in the proposed Protective Order until such time as the Protective Order is approved by the Court. If Plaintiff wishes any more non-public information, the same can be requested and/or the subject of a discovery deposition to be scheduled after entry of an appropriate Protective Order.**

2. Please identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, because of information it obtained pursuant to its policy set forth in ¶ 8(a) of Plaintiff's Complaint, and provide the truck driver's medical condition and the reason(s) for the truck driver's discharge.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested**

**information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they object to disclosing so as to avoid redundant production and expense; Defendant objects to production of documents defined as "Confidential Information" in the proposed Protective Order until such time as the Protective Order is approved by the Court. Also objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as the time frame is excessive, the number of drivers employed in the requested time frame is in excess of 12,500; Plaintiff's own pre-suit investigation only revealed 84 drivers who allegedly were discharged because of the subject policy (0.000672% of the drivers during that time frame).**

**Further objected to as impermissible because Plaintiff is using post-Complaint discovery to try to create a purported class of allegedly affected drivers when the two and a half years pre-suit investigation found only 84 drivers of the alleged prospective class.**

**Objected to as being based on a faulty premise, i.e., that drivers were discharged because of information it obtained pursuant to its policy set forth in Paragraph 8(a) of Plaintiff's Complaint.**

**PAM objects to the length and breadth of the interrogatory as has been discussed with counsel for Plaintiff since receipt of the instant Interrogatories as well as during the investigation of this charge, and subsequent to the filing of the Complaint.**

**In answer to EEOC Interrogatory No. 2, Plaintiff's counsel have now taken the deposition of the information service personnel for PAM and counsel should be able to work together to produce files for a specific agreed upon period of time, if any, that might be responsive to Plaintiff's faulty premise, which PAM would suggest would be January 1, 2005 until December 31, 2007, which timetable had been agreed upon by the parties during the investigation of this matter.**

**In further answer to EEOC Interrogatory No. 2, Plaintiff has in fact named 84 drivers who were purportedly discharged under the policy set forth in Interrogatory 2. That list of 84 drivers is provided in the Response to Plaintiff's Request For Production and PAM indicates that it will continue to work through the some 12,500 driver master files and medical screen notes, which were the subject of the discovery deposition on August 31, 2010, in order to electronically provide the records for an appropriate time period under an appropriate Protective Order.**

3. Please identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, and reasons for the discharge.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense; Defendant objects to production of documents defined as "Confidential Information" in the proposed**

**Protective Order until such time as the Protective Order is approved by the Court.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question.**

**In answer to EEOC Interrogatory No. 3, PAM states that this information has been provided to the Plaintiff, that the time period is under discussion as to an appropriate period and subject to the further agreement as to how to produce the voluminous list electronically from the driver master files, which contain approximately 12,500 individual names for the period requested.**

4. Please identify by complete name, last known address, and telephone number each truck driver Defendant has placed on a medical hold from January 1, 2005, until the present and continuing through trial, and the reasons for the medical hold, the disposition of the medical hold, and the length of the medical hold.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense; Defendant objects to production of documents defined as "Confidential Information" in the proposed**

**Protective Order until such time as the Protective Order is approved by the Court.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question.**

**PAM answers Interrogatory No. 4 as it did Interrogatory No. 2 to indicate that it gave the Plaintiff some ten or twelve boxes of files, which would have contained the information herein requested, and that further, the PAM will continue to work with the Plaintiff following the August 31, 2010, deposition of technical personnel to attempt to determine how this can be electronically provided as to the category of past driver medical holds and/or current driver medical holds.**

5. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who was part of Defendant's Medical Review Board/Medical Review Office from January 1, 2005, until the present and continuing through trial.

**ANSWER:**

**In answer to EEOC Interrogatory No. 5, PAM states that it has previously provided this information to Plaintiff, but will provide same as follows:**

**Janice Brown was and is the Medical Compliance Manager. Ms. Brown can be contacted through counsel. Other employees involved in 2005 are listed in Defendant's Production of Documents within the**

**pleading titled Responses to Requests by EEOC dated January 18, 2008, attached hereto (Bates pages 000248 to 000257).**

6. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who played a role in determining that John Doe (hereinafter "Doe") was placed on a medical hold and unable to drive a truck for PAM.

**ANSWER:**

**In answer to EEOC Interrogatory No. 6, PAM states that it has previously provided this information to Plaintiff. Nevertheless, PAM states the following individuals:**

**Janice Brown, Medical Compliance Manager, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Craig Cooper, Ph.D. D.O., 307A South Thompson, Springdale, AR 72764**

**Tony Longinotti, Director of Risk Management, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

7. Please identify Defendant's factual basis for its statement in its affirmative defenses that Doe failed to exhaust his administrative remedies. If none exist, please so state.

**ANSWER:**

**PAM objects to Interrogatory No. 7 as it calls for legal conclusions.**

**Nevertheless, in answer to EEOC Interrogatory No. 7, PAM states that the affirmative defense of exhaustion of administrative remedies will in the immediate future be specifically described in a motion for summary**

**judgment, as the facts demonstrate that James Root apparently had a medical dispute with the opinion of Dr. Craig Cooper, as was stated by the letter of November 15, 2005, by the Michigan Advocacy Group, and as Plaintiff well knows was the subject of two memorandums by Dr. Cooper as to the exact medical question. The letter of November 15, 2005, the company's reply dated November 16, 2005, a letter dated November 30, 2005, a letter dated November 30, 2005, as well as the two Dr. Cooper memorandums, PAM Transport letter of December 8, 2005, together with the company's January 3, 2006 letter to Michigan Advocacy Group will be produced in response to Request For Documents No. 12. The specific administrative remedy is found at 49 CFR §391.11(a) and 49 CFR §391.41(a); it has been upheld by numerous federal courts.**

8. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who played a role in determining that Defendant had "legitimate enforceable concerns regarding [Doe's] compliance with medication regimes and the effect of the medication on his ability to drive," as referenced in ¶ 8 of Defendant's affirmative defenses.

**ANSWER:**

**Please see answers to Interrogatory No. 6 together with Defendant/Respondent's Responses to Requests by EEOC, dated January 18, 2008 as Doc. #14, Bates 000248 to 000257.**

9. Please identify the factual bases for Defendant's statement in its affirmative defenses that Defendant's policy which is contained in ¶ 8(a) of Plaintiff's Complaint is mandated by 49 CFR § 391.11, § 391.41, § 391.43, and § 390.3(d), and identify by complete name, title, current

employment status, last known address, and telephone number each factual witness Defendant intends to rely upon to testify that Defendant's policy is mandated by these federal regulations and the knowledge of these witnesses. If none exist, please so state.

**ANSWER:**

**PAM objects to Interrogatory No. 9 as it calls for legal conclusions, is premature, and the factual bases will be the subject of expert testimony as discovery in this matter is further conducted.**

**Subject to these objections, Defendant states:**

**The factual basis can be seen by reading the cited federal regulations. 49 CFR §391.11 prohibits persons from driving commercial vehicles unless qualified, subsection (b)(4) requires physical ability/qualification pursuant to Subpart E of the Federal Motor Carrier Safety Administration regulations. 49 CFR §391.41 states a person "shall not drive a commercial motor vehicle" without a medical examiner's certificate of physical qualification. 49 CFR §391.43 requires medical examiners to certify drivers do not have disqualifying conditions that "<u>might</u> affect the driver's ability to operate a commercial motor vehicle safely" (subsection (f)). An appeal process for medical qualification disputes is provided in 49 CFR §47(b)(2). 49 CFR §390.3(d) states: "<u>Additional Requirements</u>. Nothing in subchapter B of this chapter shall be construed to prohibit an employer from requiring and enforcing more stringent requirements relating to safety of operation and employee safety and health."**

**In further answer to EEOC Interrogatory No. 9, PAM states that witnesses presently known on this topic will be:**

**Kenneth Hixson, Attorney, Hixson & Daniels PLLC, 133 Sunbridge Dr., Fayetteville, AR 72703**

**Tony Longinotti, Director of Risk Management P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Janice Brown, Medical Compliance Manager, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

10. Please provide the name, title / position, and contact information for at least three (3) individuals who have personal knowledge of Defendant's corporate structure and who could testify as to the substance contained in Defendant's profit-loss statements which should be provided in response to *Plaintiffs' Interrogatories for Production of Documents* Request No. 10?

**ANSWER:**

**In answer to EEOC Interrogatory No. 10, PAM states:**

**Lance K. Stewart, Chief Financial Officer, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Alan West, Director of Tax, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Tony Longinotti, Director of Risk Management, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

11. Please identify and describe all documents Defendant maintains which identify the name of a driver, and whether and when the driver has been terminated, discharged, or been placed on a medical hold, from January 1, 2005, until the present date, and continuing through trial.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense; Defendant objects to production of documents defined as "Confidential Information" in the proposed Protective Order until such time as the Protective Order is approved by the Court.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question.**

**PAM objects to the length, breadth, and nature of the interrogatory at this early stage in discovery.**

**In answer to EEOC Interrogatory No. 11, PAM states that the parties are endeavoring to identify an appropriate time period as well as how to electronically provide such information out of the some twelve thousand plus drivers who could be part of a response.**

**In further answer to EEOC Interrogatory No. 11, PAM states that the names with documents could be approximately one million pages as the driver files are multiple and extremely voluminous.**

**In further answer to EEOC Interrogatory No. 11, PAM states that they continue to attempt to work out an appropriate Protective Order.**

12. With respect to all documents identified in response to the above Interrogatory No. 11, please identify where these documents are maintained, how these documents are maintained (*i.e.*, whether they are

paper documents, electronically in a database, or both, including the software, program, or both), and who maintains these documents (including the full name, title, and location of these individuals).

**ANSWER:**

**In answer to EEOC Interrogatory No. 12, PAM states that the numerous and voluminous documentation produced during the investigation of the Root matter have been produced to the EEOC and copies we believe for most of the documents previously given are currently stored at P.A.M. Transport, Inc. in Tontitown, Arkansas.**

**In further answer to EEOC Interrogatory No. 12, the parties continue to work to identify how to electronically retrieve relevant documents, as stated in answer to Interrogatory No. 11 above, as a result of the 30(b)(6) depositions taken August 31, 2010.**

13. Please identify all computer software Defendant has used since January 1, 2005, until the present and continuing until trial, and uses, including Defendant's email system, word processing system, payroll system, driver tracking software, medical processing software, and describe how Defendant uses all software it has identified.

**ANSWER:**

**In answer to EEOC Interrogatory No. 13, PAM states that the question was answered in full at the time of the EEOC's 30(b)(6) deposition of Paul Bagwell and Brian Brisco in Tontitown, Arkansas, on August 31, 2010. See, for example, Bagwell Transcript pages 12-13, 26-28 and 33. PAM has agreed and will continue to agree to work with the Plaintiff to work at determining how best to produce the documentation that has been identified as being preserved on the electronic system of**

**Defendant under an appropriate Protective Order to assure the confidentiality of all current, past and applicant drivers.**

**ACKNOWLEDGMENT**

STATE OF ARKANSAS )
)SS.
COUNTY OF )

TONY LONGINOTTI, being first duly sworn, deposes and says that he is a duly authorized agent of Defendant, P.A.M. Transport, Inc., that he has read the foregoing Answers to Plaintiff's First Interrogatories and subscribed to the same on behalf of P.A.M. Transport, Inc.; that he has personal knowledge of the facts stated herein, except as to matters stated upon information and belief which he believes to be true, and if sworn as a witness, he would be competent to testify thereto; that said Answers were prepared with assistance and advice of counsel and employees of P.A.M. Transport, Inc., upon whose advice your deponent has relied; that said Answers to Plaintiff's First Interrogatories subject to inadvertent or undiscovered errors, are based on and therefore limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Answers to Plaintiff's First Interrogatories; that subsequently, your deponent reserves the right to make changes in the Answers to Plaintiff's First Interrogatories if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Answers to Plaintiff's First Interrogatories are true to the best of your deponent's knowledge information and belief.

P.A.M. Transport, Inc.

By: ____________________
Tony Longinotti
P.A.M. Transport, Inc.

Subscribed and sworn to before
me this 21 day of October, 2010.

____________________, Notary Public
County, Arkansas
Acting in County
My commission expires: 2-16-2014

As to Objections only:

Respectfully submitted,

By: ______________________

F. R. Damm (P12462)
Michael J. Tauscher (P31718)
Attorneys for Defendant,
P.A.M. Transport, Inc.
535 Griswold St., Ste. 1818
Detroit, MI 48226
(313) 237-7400
(313) 963-7425 fax
fdamm@scopelitis.com

Dated: October 22, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | Case No. 4:09-CV-13851 |
| | Hon. Mark A. Goldsmith |
| v. | Magistrate: Michael J. Hluchaniuk |
| P.A.M. TRANSPORT, INC., | |
| Defendant. | |

LAURIE A. YOUNG
DEBORAH M. BARNO (P44525)
NEDRA CAMPBELL (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Counsel for Plaintiff
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
nedra.campbell@eeoc.gov

F. R. DAMM (P12462)
MICHAEL J. TAUSCHER (P31718)
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, PLC
Counsel for Defendant
535 Griswold St., Ste. 1818
Detroit, Michigan 48226
(313) 237-7400
fdamm@scopelitis.com

**DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST SET OF INTERROGATORIES**

Defendant, P.A.M. TRANSPORT, INC. ("PAM"), by its counsel, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC, hereby states for its Supplemental Response to Plaintiff Equal Employment Opportunity Commission's ("EEOC") First Set Of Interrogatories as follows:

**GENERAL OBJECTIONS**

Each of Defendant's responses is made subject to the following General Objections and each such General Objection is incorporated by reference into Defendant's response to each Request as if fully set forth therein unless the response specifically states that it is made notwithstanding these General Objections.

A. Defendant objects to the Interrogatories and request for documentation to the extent that the responsive documents are currently under review as to Plaintiff's recent deposition of the Defendant's information services personnel, which deposition was meant to, and will, assist the parties in breaking down the documentation electronically in order to save the time of the parties as well as the Court. Such discussions continue.

B. Defendant objects to the Interrogatories to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.

C. Defendant objects to the Interrogatories to the extent that they seek the production of documents or information which are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or are otherwise privileged. The inadvertent production of any privileged or work-product document is not intended, nor shall it be deemed to be, a waiver

of any claim or privilege or work-product protective as to that document, and Defendant reserves the right to demand and obtain the return of any document inadvertently produced in response to these Interrogatories and/or request for documentation.

D. Defendant objects to the instructions to the Interrogatories to the extent that they seek to impose duties and to require the disclosure of information beyond what is required of respondent under the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

E. Defendant objects to the Interrogatories to the extent that they call for the production of documents not within its possession, custody or control.

F. Defendant objects to the Interrogatories to the extent that they are vague, overly broad or unduly burdensome, and have previously been provided.

G. Defendant objects to the Interrogatories to the extent that they are not limited in time and therefore are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence.

H. Defendant objects to the Interrogatories to the extent that they seek the production of documents and information which are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

I. Defendant objects to the Interrogatories to the extent that they seek the production of documents and information containing, constituting, or

disclosing confidential, proprietary, commercially sensitive or trade secret information, subject to the 12/20/10 Stipulated Protective Order.

J. Defendant objects to those Interrogatories which seek the identification, summary or production of "all correspondence" or "any and all reports" or similar questions, as they are patently overly broad and unduly burdensome. Defendant's responses are as complete as the information currently within its possession and which reasonable diligence permits.

K. Defendant objects to Plaintiff's Definition and Instructions to the extent that they purport to abrogate any of its rights or add to any of its duties under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Defendant does not adopt Plaintiffs Definitions or Instructions in any way.

**INTERROGATORIES**

1. Please provide information on Defendant's current corporate structure, including its full name, location, its ownership, and its relationship to PAM Transportation Services, Inc., Allen Freight Services, Inc., Choctaw Express, Inc., Decker Transport Co., Inc., East Coast Transport & Logistics, LLC, and PAM Dedicated Services, Inc.

**ANSWER:**

**In answer to EEOC Interrogatory No. 1, PAM states: PAM Transport, Inc. ("PAM") is a publicly owned corporation. PAM Transportation Services, Inc. ("PTSI") is a holding company for the issuance of common stock. PTSI has no employees or assets. Allen Freight Systems, Choctaw Express, Inc., Decker Transport Co., Inc. and PAM Dedicated Services, Inc. are former subsidiary companies merged under PAM Transport, Inc.**

**East Coast Transport 7 Logistics, LLC is a freight brokerage non-asset based company and was sold effective 9/30/10.**

**In further answer to Interrogatory No. 1, Defendant PAM states that it is a public corporation and thus the Plaintiff can obtain all public information from the company's website, www.pamtransport.com and/or through the public records of the Securities and Exchange Commission. If Plaintiff wishes any more non-public information, the same can be requested and/or the subject of a discovery deposition subject to the 12/20/10 Stipulated Protective Order.**

2. Please identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, because of information it obtained pursuant to its policy set forth in ¶ 8(a) of Plaintiff's Complaint, and provide the truck driver's medical condition and the reason(s) for the truck driver's discharge.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they object to disclosing so as to avoid redundant production and expense. Also objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as the time frame is excessive, the number of drivers employed in the requested time frame is in excess of 12,500; Plaintiff's own pre-suit investigation only revealed 84 drivers who**

allegedly were discharged because of the subject policy (0.000672% of the drivers during that time frame).

Further objected to as impermissible because Plaintiff is using post-Complaint discovery to try to create a purported class of allegedly affected drivers when the two and a half years pre-suit investigation found only 84 drivers of the alleged prospective class.

Objected to as being based on a faulty premise, i.e., that drivers were discharged because of information it obtained pursuant to its policy set forth in Paragraph 8(a) of Plaintiff's Complaint.

PAM objects to the length and breadth of the interrogatory as has been discussed with counsel for Plaintiff since receipt of the instant Interrogatories as well as during the investigation of this charge, and subsequent to the filing of the Complaint.

In answer to EEOC Interrogatory No. 2, Plaintiff's counsel have now taken the deposition of the information service personnel for PAM and counsel should be able to work together to produce files for a specific agreed upon period of time, if any, that might be responsive to Plaintiff's faulty premise, which PAM would suggest would be September 1, 2005 until December 21, 2008, which timetable had been agreed upon by the parties during the investigation of this matter.

In further answer to EEOC Interrogatory No. 2, Plaintiff has in fact named 84 drivers who were purportedly discharged under the policy set forth in Interrogatory 2. That list of 84 drivers is provided in the Response to Plaintiff's Request For Production and PAM indicates that it will continue to work through the some 12,500 driver master files and medical screen notes, which were the subject of the discovery deposition

**on August 31, 2010, in order to electronically provide the records for an appropriate time period under the 12/20/10 Stipulated Protective Order.**

3. Please identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, and reasons for the discharge.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question. Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**In answer to EEOC Interrogatory No. 3, PAM states that this information has been provided to the Plaintiff, that the time period is under discussion as to an appropriate period and subject to the further agreement as to how to produce the voluminous list electronically from the driver master files, which contain approximately 12,500 individual names for the period requested.**

4. Please identify by complete name, last known address, and telephone number each truck driver Defendant has placed on a medical hold from January 1, 2005, until the present and continuing through trial, and the reasons for the medical hold, the disposition of the medical hold, and the length of the medical hold.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question. Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**PAM answers Interrogatory No. 4 as it did Interrogatory No. 2 to indicate that it gave the Plaintiff some ten or twelve boxes of files, which would have contained the information herein requested, and that further, PAM will continue to work with the Plaintiff following the August 31, 2010, deposition of technical personnel to attempt to determine how this can be electronically provided as to the category of past driver medical holds and/or current driver medical holds.**

5. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who was part of Defendant's Medical Review Board/Medical Review Office from January 1, 2005, until the present and continuing through trial.

**ANSWER:**

**In answer to EEOC Interrogatory No. 5, PAM states that it has previously provided this information to Plaintiff, but will provide same as follows:**

**Janice Brown was and is the Medical Compliance Manager. Ms. Brown can be contacted through counsel. Other employees involved in 2005 are listed in Defendant's Production of Documents within the pleading titled Responses to Requests by EEOC dated January 18, 2008, attached hereto (Bates pages 000248 to 000257).**

6. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who played a role in determining that John Doe (hereinafter "Doe") was placed on a medical hold and unable to drive a truck for PAM.

**ANSWER:**

**In answer to EEOC Interrogatory No. 6, PAM states that it has previously provided this information to Plaintiff. Nevertheless, PAM states the following individuals:**

**Janice Brown, Medical Compliance Manager, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Craig Cooper, Ph.D. D.O., 307A South Thompson, Springdale, AR 72764**

**Tony Longinotti, Director of Risk Management, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

7. Please identify Defendant's factual basis for its statement in its affirmative defenses that Doe failed to exhaust his administrative remedies. If none exist, please so state.

**ANSWER:**

**PAM objects to Interrogatory No. 7 as it calls for legal conclusions.**

**Nevertheless, in answer to EEOC Interrogatory No. 7, PAM states that the affirmative defense of exhaustion of administrative remedies has been specifically addressed in Defendant's 12/13/10 Motion for Summary Judgment (Doc. 43), as the facts demonstrate that John Doe apparently had a medical dispute with the opinion of Dr. Craig Cooper, as was stated by the letter of November 15, 2005, by the Michigan Advocacy Group, and as Plaintiff well knows was the subject of two memorandums by Dr. Cooper as to the exact medical question. The letter of November 15, 2005, the company's reply dated November 16, 2005, a letter dated November 30, 2005, a letter dated November 30, 2005, as well as the two Dr. Cooper memorandums, PAM Transport letter of December 8, 2005, together with the company's January 3, 2006 letter to Michigan Advocacy Group will be produced in response to Request For Documents No. 12. The specific administrative remedy is found at 49 CFR § 391.11(a) and 49 CFR § 391.41(a); it has been upheld by numerous federal courts.**

8. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who played a role in determining that Defendant had "legitimate enforceable concerns regarding [Doe's] compliance with medication regimes and the effect of

the medication on his ability to drive," as referenced in ¶ 8 of Defendant's affirmative defenses.

**ANSWER:**

**Please see answers to Interrogatory No. 6 together with Defendant/Respondent's Responses to Requests by EEOC, dated January 18, 2008 as Doc. #14, Bates 000248 to 000257.**

9. Please identify the factual bases for Defendant's statement in its affirmative defenses that Defendant's policy which is contained in ¶ 8(a) of Plaintiff's Complaint is mandated by 49 CFR § 391.11, § 391.41, § 391.43, and § 390.3(d), and identify by complete name, title, current employment status, last known address, and telephone number each factual witness Defendant intends to rely upon to testify that Defendant's policy is mandated by these federal regulations and the knowledge of these witnesses. If none exist, please so state.

**ANSWER:**

**PAM objects to Interrogatory No. 9 as it calls for legal conclusions, is premature, and the factual bases will be the subject of expert testimony as discovery in this matter is further conducted.**

**Subject to these objections, Defendant states:**

**The factual basis can be seen by reading the cited federal regulations. 49 CFR § 391.11 prohibits persons from driving commercial vehicles unless qualified, subsection (b)(4) requires physical ability/qualification pursuant to Subpart E of the Federal Motor Carrier Safety Administration regulations. 49 CFR § 391.41 states a person "shall not drive a commercial motor vehicle" without a medical examiner's certificate of physical qualification. 49 CFR § 391.43 requires**

**medical examiners to certify drivers do not have disqualifying conditions that "might affect the driver's ability to operate a commercial motor vehicle safely" (subsection (f)). An appeal process for medical qualification disputes is provided in 49 CFR § 391.47(b)(2). 49 CFR §390.3(d) states: "Additional Requirements. Nothing in subchapter B of this chapter shall be construed to prohibit an employer from requiring and enforcing more stringent requirements relating to safety of operation and employee safety and health."**

**In further answer to EEOC Interrogatory No. 9, PAM states that witnesses presently known on this topic will be:**

**Kenneth Hixson, Attorney, Hixson & Daniels PLLC, 133 Sunbridge Dr., Fayetteville, AR 72703**

**Tony Longinotti, Director of Risk Management P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Janice Brown, Medical Compliance Manager, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

10. Please provide the name, title / position, and contact information for at least three (3) individuals who have personal knowledge of Defendant's corporate structure and who could testify as to the substance contained in Defendant's profit-loss statements which should be provided in response to *Plaintiffs' Interrogatories for Production of Documents* Request No. 10.

**ANSWER:**

**In answer to EEOC Interrogatory No. 10, PAM states:**

**Lance K. Stewart, Chief Financial Officer, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Alan West, Director of Tax, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Tony Longinotti, Director of Risk Management, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

11. Please identify and describe all documents Defendant maintains which identify the name of a driver, and whether and when the driver has been terminated, discharged, or been placed on a medical hold, from January 1, 2005, until the present date, and continuing through trial.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question.**

**PAM objects to the length, breadth, and nature of the interrogatory at this early stage in discovery. Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**In answer to EEOC Interrogatory No. 11, PAM states that the parties are endeavoring to identify an appropriate time period as well as how to electronically provide such information out of the some twelve thousand plus drivers who could be part of a response.**

**In further answer to EEOC Interrogatory No. 11, PAM states that the names with documents could be approximately one million pages as the driver files are multiple and extremely voluminous.**

12. With respect to all documents identified in response to the above Interrogatory No. 11, please identify where these documents are maintained, how these documents are maintained (*i.e.*, whether they are paper documents, electronically in a database, or both, including the software, program, or both), and who maintains these documents (including the full name, title, and location of these individuals).

**ANSWER:**

**In answer to EEOC Interrogatory No. 12, PAM states that the numerous and voluminous documentation produced during the investigation of the John Doe matter have been produced to the EEOC and copies we believe for most of the documents previously given are currently stored at P.A.M. Transport, Inc. in Tontitown, Arkansas.**

**In further answer to EEOC Interrogatory No. 12, the parties continue to work to identify how to electronically retrieve relevant documents, as stated in answer to Interrogatory No. 11 above, as a result of the 30(b)(6) depositions taken August 31, 2010.**

13. Please identify all computer software Defendant has used since January 1, 2005, until the present and continuing until trial, and uses,

including Defendant's email system, word processing system, payroll system, driver tracking software, medical processing software, and describe how Defendant uses all software it has identified.

**ANSWER:**

**In answer to EEOC Interrogatory No. 13, PAM states that the question was answered in full at the time of the EEOC's 30(b)(6) deposition of Paul Bagwell and Brian Brisco in Tontitown, Arkansas, on August 31, 2010. See, for example, Bagwell Transcript pages 12-13, 26-28 and 33. PAM has agreed and will continue to agree to work with the Plaintiff to work at determining how best to produce the documentation that has been identified as being preserved on the electronic system of Defendant under the 12/20/10 Stipulated Protective Order to assure the confidentiality of all current, past and applicant drivers.**

**ACKNOWLEDGMENT**

STATE OF ARKANSAS )
)SS.
COUNTY OF )

TONY LONGINOTTI, being first duly sworn, deposes and says that he is a duly authorized agent of Defendant, P.A.M. Transport, Inc., that he has read the foregoing Supplemental Answers to Plaintiff's First Interrogatories and subscribed to the same on behalf of P.A.M. Transport, Inc.; that he has personal knowledge of the facts stated herein, except as to matters stated upon information and belief which he believes to be true, and if sworn as a witness, he would be competent to testify thereto; that said Supplemental Answers were prepared with assistance and advice of counsel and employees of P.A.M. Transport, Inc., upon whose advice your deponent has relied; that said Supplemental Answers to Plaintiff's First Interrogatories subject to inadvertent or undiscovered errors, are based on and therefore limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Supplemental Answers to Plaintiff's First Interrogatories; that subsequently, your deponent reserves the right to make changes in the Supplemental Answers to Plaintiff's First Interrogatories if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Supplemental Answers to Plaintiff's First Interrogatories are true to the best of your deponent's knowledge information and belief.

P.A.M. Transport, Inc.

By: [signature]
Tony Longinotti
P.A.M. Transport, Inc.

Subscribed and sworn to before me this 3rd day of January, 2011.

[signature], Notary Public
Washington County, Arkansas
Acting in Washington County
My commission expires:

ANGELA R. CLARK
MY COMMISSION # 12346068
EXPIRES: January 26, 2016
Benton County

As to Objections only:

Respectfully submitted,

By: ______________________

F. R. Damm (P12462)
Michael J. Tauscher (P31718)
Attorneys for Defendant,
P.A.M. Transport, Inc.
535 Griswold St., Ste. 1818
Detroit, MI 48226
(313) 237-7400
(313) 963-7425 fax
fdamm@scopelitis.com

Dated: January 12, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) |
| | ) |
| Plaintiff, | ) Case No. 4:09-CV-13851 |
| | ) Hon. Mark A. Goldsmith |
| v. | ) Magistrate: Michael J. Hluchaniuk |
| | ) |
| P.A.M. TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |


| | |
|---|---|
| LAURIE A. YOUNG<br>DEBORAH M. BARNO (P44525)<br>NEDRA CAMPBELL (P58768)<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Counsel for Plaintiff<br>Patrick V. McNamara Federal Building<br>477 Michigan Ave, Room 865<br>Detroit, Michigan 48226<br>(313) 226-3410<br>nedra.campbell@eeoc.gov | F. R. DAMM (P12462)<br>MICHAEL J. TAUSCHER (P31718)<br>SCOPELITIS, GARVIN, LIGHT,<br>HANSON & FEARY, PLC<br>Counsel for Defendant<br>535 Griswold St., Ste. 1818<br>Detroit, Michigan 48226<br>(313) 237-7400<br>fdamm@scopelitis.com |


**DEFENDANT'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST SET OF INTERROGATORIES**

Defendant, P.A.M. TRANSPORT, INC. ("PAM"), by its counsel, SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, PLC, hereby states for its Second Supplemental Response to Plaintiff Equal Employment Opportunity Commission's ("EEOC") First Set Of Interrogatories as follows:

## GENERAL OBJECTIONS

Each of Defendant's responses is made subject to the following General Objections and each such General Objection is incorporated by reference into Defendant's response to each Request as if fully set forth therein unless the response specifically states that it is made notwithstanding these General Objections.

A. Defendant objects to the Interrogatories to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they have refused to disclose so as to avoid redundant production and expense until February 18, 2011 with same apparently still not truly available to Defendant as subject to further review by Plaintiff.

B. Defendant objects to the Interrogatories to the extent that they seek the production of documents or information which are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine or are otherwise privileged. The inadvertent production of any privileged or work-product document is not intended, nor shall it be deemed to be, a waiver of any claim or privilege or work-product protective as to that document, and Defendant reserves the right to demand and obtain the return of any document inadvertently produced in response to these Interrogatories and/or request for documentation.

C. Defendant objects to the instructions to the Interrogatories to the extent that they seek to impose duties and to require the disclosure of information beyond what is required of respondent under the applicable Federal Rules of Civil Procedure and Federal Rules of Evidence.

D. Defendant objects to the Interrogatories to the extent that they call for the production of documents not within its possession, custody or control.

E. Defendant objects to the Interrogatories to the extent that they are vague, overly broad or unduly burdensome, and have previously been provided.

F. Defendant objects to the Interrogatories to the extent that they are not limited in time and therefore are overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence.

G. Defendant objects to the Interrogatories to the extent that they seek the production of documents and information which are not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

H. Defendant objects to the Interrogatories to the extent that they seek the production of documents and information containing, constituting, or disclosing confidential, proprietary, commercially sensitive or trade secret information, subject to the 12/20/10 Stipulated Protective Order.

I. Defendant objects to those Interrogatories which seek the identification, summary or production of "all correspondence" or "any and all reports" or similar questions, as they are patently overly broad and unduly

burdensome. Defendant's responses are as complete as the information currently within its possession and which reasonable diligence permits.

J. Defendant objects to Plaintiff's Definition and Instructions to the extent that they purport to abrogate any of its rights or add to any of its duties under the Federal Rules of Civil Procedure and Federal Rules of Evidence. Defendant does not adopt Plaintiffs Definitions or Instructions in any way.

**INTERROGATORIES**

1. Please provide information on Defendant's current corporate structure, including its full name, location, its ownership, and its relationship to PAM Transportation Services, Inc., Allen Freight Services, Inc., Choctaw Express, Inc., Decker Transport Co., Inc., East Coast Transport & Logistics, LLC, and PAM Dedicated Services, Inc.

**ANSWER:**

**In answer to EEOC Interrogatory No. 1, PAM states: PAM Transport, Inc. ("PAM") is a publicly owned corporation. PAM Transportation Services, Inc. ("PTSI") is a holding company for the issuance of common stock. PTSI has no employees or assets. Allen Freight Systems, Choctaw Express, Inc., Decker Transport Co., Inc. and PAM Dedicated Services, Inc. are former subsidiary companies merged under PAM Transport, Inc. East Coast Transport 7 Logistics, LLC is a freight brokerage non-asset based company and was sold effective 9/30/10.**

**In further answer to Interrogatory No. 1, Defendant PAM states that it is a public corporation and thus the Plaintiff can obtain all public information from the company's website, www.pamtransport.com and/or through the public records of the Securities and Exchange Commission. If Plaintiff wishes any more non-public information, the same can be**

**requested and/or the subject of a discovery deposition subject to the 12/20/10 Stipulated Protective Order. In further Answer, see answer to Defendant's Second Supplemental Response to Plaintiff's First Request for Production of Documents, Request #1, Doc. #20; Bates No. 000386.**

2. Please identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, because of information it obtained pursuant to its policy set forth in ¶ 8(a) of Plaintiff's Complaint, and provide the truck driver's medical condition and the reason(s) for the truck driver's discharge.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they object to disclosing so as to avoid redundant production and expense. Also objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence as the time frame is excessive, the number of drivers employed in the requested time frame is in excess of 12,500; Plaintiff's own pre-suit investigation only revealed 84 drivers who allegedly were discharged because of the subject policy (0.000672% of the drivers during that time frame).**

**Further objected to as impermissible because Plaintiff is using post-Complaint discovery to try to create a purported class of allegedly affected drivers when the two and a half years pre-suit investigation found only 84 drivers of the alleged prospective class.**

**Objected to as being based on a faulty premise, i.e., that drivers were discharged because of information it obtained pursuant to its policy set forth in Paragraph 8(a) of Plaintiff's Complaint.**

**PAM objects to the length and breadth of the interrogatory as has been discussed with counsel for Plaintiff since receipt of the instant Interrogatories as well as during the investigation of this charge, and subsequent to the filing of the Complaint.**

**In further answer to EEOC Interrogatory No. 2, Plaintiff has in fact named 84 drivers who were purportedly discharged under the policy set forth in Interrogatory 2. That list of 84 drivers is provided in the Response to Plaintiff's Request For Production and PAM indicates that it herein provides the master files for the following three masters: (1) Drivers Master; (2) Employee Master/Payroll and (3) Insurance Master on the disc numbered Doc. #21; Bates No. 000387.**

3. Please identify by complete name, last known address, and telephone number each truck driver Defendant has discharged from January 1, 2005, until the present and continuing through trial, and reasons for the discharge.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested**

**information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question. Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**Nevertheless, all employment information can be found within the disc provided herein as Doc. #21; Bates No. 000387.**

4. Please identify by complete name, last known address, and telephone number each truck driver Defendant has placed on a medical hold from January 1, 2005, until the present and continuing through trial, and the reasons for the medical hold, the disposition of the medical hold, and the length of the medical hold.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the**

**time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question. Defendant PAM further objects that this request is too extensive and should be limited to the period September 1, 2005 to December 21, 2008.**

**PAM answers Interrogatory No. 4 as it did Interrogatory No. 2 to indicate that it gave the Plaintiff some ten or twelve boxes of files, which would have contained the information herein requested, and that further, PAM herein provides all the medical information found within the corporate records under the following searched subjects: illness, medical hold, medical block, medically separated, medical separation: Shutdown, FROI (Doc. #22; Bates No. 000388 to 000808).**

5. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who was part of Defendant's Medical Review Board/Medical Review Office from January 1, 2005, until the present and continuing through trial.

**ANSWER:**

**In answer to EEOC Interrogatory No. 5, PAM states that it has previously provided this information to Plaintiff, but will provide same as follows:**

**Janice Brown was and is the Medical Compliance Manager. Ms. Brown can be contacted through counsel. Other employees involved in 2005 are listed in Defendant's Production of Documents within the pleading titled Responses to Requests by EEOC dated January 18, 2008, attached hereto (Bates No. 000248 to 000257).**

6. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who played a role in determining that John Doe (hereinafter "Doe") was placed on a medical hold and unable to drive a truck for PAM.

**ANSWER:**

**In answer to EEOC Interrogatory No. 6, PAM states that it has previously provided this information to Plaintiff. Nevertheless, PAM states the following individuals:**

**Janice Brown, Medical Compliance Manager, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Craig Cooper, Ph.D. D.O., 307A South Thompson, Springdale, AR 72764**

**Tony Longinotti, Director of Risk Management, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

7. Please identify Defendant's factual basis for its statement in its affirmative defenses that Doe failed to exhaust his administrative remedies. If none exist, please so state.

**ANSWER:**

**PAM objects to Interrogatory No. 7 as it calls for legal conclusions.**

**Nevertheless, in answer to EEOC Interrogatory No. 7, PAM states that the affirmative defense of exhaustion of administrative remedies has been specifically addressed in Defendant's 12/13/10 Motion for Summary Judgment (Doc. 43), as the facts demonstrate that John Doe apparently had a medical dispute with the opinion of Dr. Craig Cooper, as was stated by the letter of November 15, 2005, by the Michigan Advocacy Group, and**

**as Plaintiff well knows was the subject of two memorandums by Dr. Cooper as to the exact medical question. The letter of November 15, 2005, the company's reply dated November 16, 2005, a letter dated November 30, 2005, a letter dated November 30, 2005, as well as the two Dr. Cooper memorandums, PAM Transport letter of December 8, 2005, together with the company's January 3, 2006 letter to Michigan Advocacy Group will be produced in response to Request For Documents No. 12. The specific administrative remedy is found at 49 CFR § 391.11(a) and 49 CFR § 391.41(a); it has been upheld by numerous federal courts.**

8. Please identify by complete name, title, current employment status, last known address, and telephone number each individual who played a role in determining that Defendant had "legitimate enforceable concerns regarding [Doe's] compliance with medication regimes and the effect of the medication on his ability to drive," as referenced in ¶ 8 of Defendant's affirmative defenses.

**ANSWER:**

**Please see answers to Interrogatory No. 6 together with Defendant/Respondent's Responses to Requests by EEOC, dated January 18, 2008 as Doc. #14, Bates 000248 to 000257.**

9. Please identify the factual bases for Defendant's statement in its affirmative defenses that Defendant's policy which is contained in ¶ 8(a) of Plaintiff's Complaint is mandated by 49 CFR § 391.11, § 391.41, § 391.43, and § 390.3(d), and identify by complete name, title, current employment status, last known address, and telephone number each factual witness Defendant intends to rely upon to testify that Defendant's

policy is mandated by these federal regulations and the knowledge of these witnesses. If none exist, please so state.

**ANSWER:**

**PAM objects to Interrogatory No. 9 as it calls for legal conclusions, is premature, and the factual bases will be the subject of expert testimony as discovery in this matter is further conducted.**

**Subject to these objections, Defendant states:**

**The factual basis can be seen by reading the cited federal regulations. 49 CFR § 391.11 prohibits persons from driving commercial vehicles unless qualified, subsection (b)(4) requires physical ability/qualification pursuant to Subpart E of the Federal Motor Carrier Safety Administration regulations. 49 CFR § 391.41 states a person "shall not drive a commercial motor vehicle" without a medical examiner's certificate of physical qualification. 49 CFR § 391.43 requires medical examiners to certify drivers do not have disqualifying conditions that "<u>might</u> affect the driver's ability to operate a commercial motor vehicle safely" (subsection (f)). An appeal process for medical qualification disputes is provided in 49 CFR § 391.47(b)(2). 49 CFR §390.3(d) states: "<u>Additional Requirements</u>. Nothing in subchapter B of this chapter shall be construed to prohibit an employer from requiring and enforcing more stringent requirements relating to safety of operation and employee safety and health."**

**In further answer to EEOC Interrogatory No. 9, PAM states that witnesses presently known on this topic will be:**

**Kenneth Hixson, Attorney, Hixson & Daniels PLLC, 133 Sunbridge Dr., Fayetteville, AR 72703**

**Tony Longinotti, Director of Risk Management P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Janice Brown, Medical Compliance Manager, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

10. Please provide the name, title / position, and contact information for at least three (3) individuals who have personal knowledge of Defendant's corporate structure and who could testify as to the substance contained in Defendant's profit-loss statements which should be provided in response to *Plaintiffs' Interrogatories for Production of Documents* Request No. 10.

**ANSWER:**

**In answer to EEOC Interrogatory No. 10, PAM states:**

**Lance K. Stewart, Chief Financial Officer, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Alan West, Director of Tax, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

**Tony Longinotti, Director of Risk Management, P.A.M. Transport, Inc., P.O. Box 188, Tontitown, AR 72770**

11. Please identify and describe all documents Defendant maintains which identify the name of a driver, and whether and when the driver has been terminated, discharged, or been placed on a medical hold, from January 1, 2005, until the present date, and continuing through trial.

**ANSWER:**

**Defendant objects to the requests to the extent they are redundant and will cause unnecessary expense; Plaintiff has much of the requested information in voluminous pre-suit discovery obtained in its two and a half years of investigation, which they refuse to disclose so as to avoid redundant production and expense.**

**Objected to as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery or admissible evidence as the time frame is excessive and there are approximately 12,500 drivers during the time frame requested, and based upon Plaintiff's years of pre-suit investigation, only 0.000672% allegedly were impacted by the policy in question.**

**In further answer to EEOC Interrogatory No. 11, PAM states that the names with documents could be approximately one million pages as the driver files are multiple and extremely voluminous.**

**PAM has herein provided a disc with the existing three Master files (Doc. #21; Bates No. 000387) and all medical information contained in Doc. #23; Bates No. 000809 to 002158, together with all medical notes searched for in reference to Dr. Cooper, (Doc. #22; Bates No. 000388 to 000808).**

12. With respect to all documents identified in response to the above Interrogatory No. 11, please identify where these documents are maintained, how these documents are maintained (*i.e.*, whether they are paper documents, electronically in a database, or both, including the software, program, or both), and who maintains these documents (including the full name, title, and location of these individuals).

**ANSWER:**

**In answer to EEOC Interrogatory No. 12, PAM states that the numerous and voluminous documentation produced during the investigation of the John Doe matter have been produced to the EEOC and copies we believe for most of the documents previously given are currently stored at P.A.M. Transport, Inc. in Tontitown, Arkansas.**

**In further answer to EEOC Interrogatory No. 12, has provided electronically relevant documents, as stated in the Second Supplemental Response No. 4 and answer to Interrogatory No. 11 above.**

13. Please identify all computer software Defendant has used since January 1, 2005, until the present and continuing until trial, and uses, including Defendant's email system, word processing system, payroll system, driver tracking software, medical processing software, and describe how Defendant uses all software it has identified.

**ANSWER:**

**In answer to EEOC Interrogatory No. 13, PAM states that the question was answered in full at the time of the EEOC's 30(b)(6) deposition of Paul Bagwell and Brian Brisco in Tontitown, Arkansas, on August 31, 2010. See, for example, Bagwell Transcript pages 12-13, 26-28 and 33.**

**ACKNOWLEDGMENT**

STATE OF ARKANSAS )
)SS.
COUNTY OF Washington )

TONY LONGINOTTI, being first duly sworn, deposes and says that he is a duly authorized agent of Defendant, P.A.M. Transport, Inc., that he has read the foregoing Second Supplemental Answers to Plaintiff's First Interrogatories and subscribed to the same on behalf of P.A.M. Transport, Inc.; that he has personal knowledge of the facts stated herein, except as to matters stated upon information and belief which he believes to be true, and if sworn as a witness, he would be competent to testify thereto; that said Second Supplemental Answers were prepared with assistance and advice of counsel and employees of P.A.M. Transport, Inc., upon whose advice your deponent has relied; that said Second Supplemental Answers to Plaintiff's First Interrogatories subject to inadvertent or undiscovered errors, are based on and therefore limited by the records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these Second Supplemental Answers to Plaintiff's First Interrogatories; that subsequently, your deponent reserves the right to make changes in the Second Supplemental Answers to Plaintiff's First Interrogatories if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said Second Supplemental Answers to Plaintiff's First Interrogatories are true to the best of your deponent's knowledge information and belief.

P.A.M. Transport, Inc.

By: [signature]
Tony Longinotti
P.A.M. Transport, Inc.

Subscribed and sworn to before
me this 17th day of February, 2011.

Angela B. Clark
, Notary Public
Benton County, Arkansas
Acting in Washington County
My commission expires:

ANGELA R. CLARK
MY COMMISSION # 12346068
EXPIRES: January 26, 2016
Benton County

Respectfully submitted,

By: ______________________
F. R. Damm (P12462)
Michael J. Tauscher (P31718)
Attorneys for Defendant,
P.A.M. Transport, Inc.
535 Griswold St., Ste. 1818
Detroit, MI 48226
(313) 237-7400
(313) 963-7425 fax
fdamm@scopelitis.com

Dated: February 21, 2010